**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

**1. SEE NOTICE ON REVERSE**     **2. PLEASE TYPE OR PRINT**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| DR. HOLLY ATKINSON, et al.<br><br>v.<br><br>DR. PRABHJOT SINGH, et al. | SDNY | Vernon S. Broderick |

| | Date the Order or Judgment Appealed from was Entered on the Docket:<br>04/25/2022 | District Court Docket No.:<br>19-CV-3779-VSB-JW |
|---|---|---|
| | Date the Notice of Appeal was Filed:<br>05/23/2022 | Is this a Cross Appeal?<br>☐ Yes  ✔ No |

**Attorney(s) for Appellant(s):**
✔ Plaintiff
☐ Defendant

Counsel's Name: Laura Gleen
Address: McAllister Olivarius, 641 Lexington Avenue, 13th Floor, New York, NY 10022
Telephone No.: 212.433.3456
Fax No.:
E mail: lgleen@mcolaw.com

**Attorney(s) for Appellee(s):**
☐ Plaintiff
✔ Defendant

Counsel's Name: Joseph Baumgarten, Edna D. Guerrasio, Austin McLeod
Address: Proskauer Rose LLP, 11 Times Square, New York, NY 10036
Telephone No.: 212.969.3002, 212.969.3012, 804.908.1592
E mail: jbaumgarten@proskauer.com, eguerrasio@proskauer.com, amcleod@proskauer.com

| Has Transcript Been Prepared?<br>N/A | Approx. Number of Transcript Pages:<br>N/A | Number of Exhibits Appended to Transcript:<br>N/A | Has this matter been before this Circuit previously? ☐ Yes  ✔ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:     Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*: **COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

*ADDENDUM "B"*: **COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

**PART A: JURISDICTION**

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party       ☐ Diversity<br>✔ Federal question (U.S. not a party)       ☐ Other (specify): _____ | ☐ Final Decision       ✔ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))<br>☐ Interlocutory Decision Appealable As of Right       ☐ Other (specify): _____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

**PART B: DISTRICT COURT DISPOSITION (Check as many as apply)**

**1. Stage of Proceedings**

☑ Pre trial
☐ During trial
☐ After trial

**2. Type of Judgment/Order Appealed**

☐ Default judgment
☐ Dismissal/FRCP 12(b)(1) lack of subject matter juris.
☑ Dismissal/FRCP 12(b)(6) failure to state a claim
☐ Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
☐ Dismissal/28 U.S.C. § 1915(e)(2) other dismissal

☐ Dismissal/other jurisdiction
☐ Dismissal/merit
☐ Judgment / Decision of the Court
☐ Summary judgment
☐ Declaratory judgment
☐ Jury verdict
☐ Judgment NOV
☐ Directed verdict
☐ Other (specify):

**3. Relief**

☑ Damages:

☑ Sought: $ TBA
☐ Granted: $ _____
☐ Denied: $ _____

☐ Injunctions:

☐ Preliminary
☐ Permanent
☐ Denied

Damages to be established at trial.

**PART C: NATURE OF SUIT (Check as many as apply)**

**1. Federal Statutes**

☐ Antitrust
☐ Bankruptcy
☐ Banks/Banking
☑ Civil Rights
☐ Commerce
☐ Energy
☐ Commodities
☐ Other (specify): _____

☐ Communications
☐ Consumer Protection
☐ Copyright ☐ Patent
☐ Trademark
☐ Election
☐ Soc. Security
☐ Environmental

☐ Freedom of Information Act
☐ Immigration
☐ Labor
☐ OSHA
☐ Securities
☐ Tax

**2. Torts**

☐ Admiralty/ Maritime
☐ Assault / Defamation
☐ FELA
☐ Products Liability
☐ Other (Specify):

**3. Contracts**

☐ Admiralty/ Maritime
☐ Arbitration
☐ Commercial
☐ Employment
☐ Insurance
☐ Negotiable Instruments
☐ Other Specify

**4. Prisoner Petitions**

☐ Civil Rights
☐ Habeas Corpus
☐ Mandamus
☐ Parole
☐ Vacate Sentence
☐ Other

**5. Other**

☐ Hague Int'l Child Custody Conv.
☐ Forfeiture/Penalty
☐ Real Property
☐ Treaty (specify): _____
☐ Other (specify): _____

**6. General**

☐ Arbitration
☐ Attorney Disqualification
☐ Class Action
☐ Counsel Fees
☐ Shareholder Derivative
☐ Transfer

**7. Will appeal raise constitutional issue(s)?**

☐ Yes   ☑ No

Will appeal raise a matter of first impression?

☐ Yes   ☑ No

1. Is any matter relative to this appeal still pending below? ☑ Yes, specify: Four plaintiffs' claims remain in SDNY   ☐ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

(A) Arises from substantially the same case or controversy as this appeal?   ☐ Yes   ☑ No

(B) Involves an issue that is substantially similar or related to an issue in this appeal?   ☐ Yes   ☑ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant:

| Date: 6/6/2022 | Signature of Counsel of Record: s/Laura Gleen |
|---|---|

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

DR. HOLLY ATKINSON,                )
DR. NATASHA ANUSHRI              )
   ANANDARAJA,                      )
MARY CALIENDO, and               )
HUMALE KHAN,                     )
                                 )
    Plaintiffs - Appellants,      )
                                 )
    v.                            )
                                 )
DR. PRABHJOT SINGH,              )   Civil Action No.:  22-1128-CV
DR. DENNIS S. CHARNEY,           )
BRUNO SILVA, and                 )
ICAHN SCHOOL OF MEDICINE AT )
MOUNT SINAI,                     )
                                 )
    Defendants – Appellees,       )
                                 )
                                 )
                                 )
                                 )
                                 )

**ADDENDUM "A"**

**Description of the Nature of the Action**

Plaintiffs, eight current and former employees of the Arnhold Institute for Global Health ("AIGH"), which is part of Defendant Mount Sinai Health System, Inc.'s ("Sinai") Icahn School of Medicine, assert twenty-five causes of action under various federal and state laws, related primarily to various forms of gender, race, religious, and national origin discrimination against Sinai and the individuals named as Defendants, who are or were either colleagues or superiors of Plaintiffs at AIGH and Sinai.

**The Result Below**

The district court dismissed the claims of four Plaintiffs, Dr. Holly Atkinson, Dr. Natasha Anushri Anandaraja, Humale Khan, and Mary Caliendo, following its ruling on the Defendants' Rule 12(b)(6) motions.

**Notice of Appeal & District Court Docket Sheet**

Plaintiffs enclose the Notice of Appeal entered on May 23, 2022, the First Corrected Notice of Appeal entered on May 30, 2022, and the District Court's docket sheet as of June 6, 2022 as Exhibits A, B, and C, respectively.

**The District Court Orders**

Plaintiffs enclose the January 14, 2022 Order of the District Court of the Southern District of New York (Broderick, J.) as Exhibit D, the April 22, 2022 Order as Exhibit E, and the April 25, 2022 Clerk's Rule 54(b) Judgment as Exhibit F.

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

**ADDENDUM "B"**

**Issues proposed to be raised on appeal
and applicable appellate standards of review.**

I.     Whether the district court erred in granting Defendants' motion to dismiss for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) with respect to the timeliness of the claims alleged by Dr. Holly Atkinson for disparate treatment and hostile work environment under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, as amended, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 623.

This issue is to be reviewed de novo. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

II.     Whether the district court erred in granting Defendants' motion to dismiss for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) with respect to the timeliness of the claims alleged by Dr. Natasha Anushri Anandaraja for disparate treatment and hostile work environment under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, as amended, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 623.

This issue is to be reviewed de novo. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

III.   Whether the district court erred in granting Defendants' motion to dismiss for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) with respect to the sufficiency of the claims alleged by Humale Khan for hostile work environment and retaliation under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, as amended.

This issue is to be reviewed de novo. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

IV.   Whether the district court erred in granting Defendants' motion to dismiss for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) with respect to the sufficiency of the claims alleged by Mary Caliendo for disparate treatment and hostile work environment under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, as amended, and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*

This issue is to be reviewed de novo. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| DR. HOLLY ATKINSON, | ) | |
| DR. NATASHA ANUSHRI | ) | |
|     ANANDARAJA, | ) | |
| DR. STELLA SAFO, | ) | |
| MARY CALIENDO, | ) | |
| HUMALE KHAN, | ) | |
| GERALDINE LLAMES, | ) | |
| AMANDA MISITI, and | ) | |
| EMILIE BRUZELIUS, | ) | |
| | ) | |
|     Plaintiffs, | ) | Civil Action No.:  1:19-cv-03779-VSB-JW |
| | ) | |
|     v. | ) | |
| | ) | |
| DR. PRABHJOT SINGH, | ) | |
| DR. DENNIS S. CHARNEY, | ) | |
| BRUNO SILVA, | ) | |
| DAVID BERMAN, and | ) | |
| MOUNT SINAI HEALTH SYSTEM, | ) | |
| INC., | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

**NOTICE OF APPEAL**

Notice is hereby given that Plaintiffs Dr. Holly Atkinson, Dr. Natasha Anushri Anandaraja, Mary Caliendo and Humale Khan hereby appeal to the United States Court of Appeals for the Second Circuit from the decision and order entered on January 14, 2022 (Dkt. 81), granting Defendants' Motion to Dismiss the First Amended Complaint, entered as final judgment on April 25, 2022 (Dkt. 103).  This appeal is taken from the following parts of the January 14 order:

- The dismissal of all causes of action pled by Plaintiffs Atkinson, Anandaraja, Khan and Caliendo; and
- The dismissal of all causes of action pled against Defendant David Berman.

Dated: May 23, 2022

By: */s/ Laura Gleen*
    John F.O. McAllister
    jmcallister@mcolaw.com
    Laura Gleen
    lgleen@mcolaw.com

McALLISTER OLIVARIUS
641 Lexington Avenue
13th Floor
New York, NY 10022
(212) 433-3456

*Attorneys for Plaintiffs*

# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DR. HOLLY ATKINSON, ) | |
| DR. NATASHA ANUSHRI ) | |
| ANANDARAJA, ) | |
| DR. STELLA SAFO, ) | |
| MARY CALIENDO, ) | |
| HUMALE KHAN, ) | |
| GERALDINE LLAMES, ) | |
| AMANDA MISITI, and ) | |
| EMILIE BRUZELIUS, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No.: 1:19-cv-03779-VSB-JW |
| ) | |
| v. ) | |
| ) | |
| DR. PRABHJOT SINGH, ) | |
| DR. DENNIS S. CHARNEY, ) | |
| BRUNO SILVA, ) | |
| DAVID BERMAN, and ) | |
| MOUNT SINAI HEALTH SYSTEM, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**CORRECTED NOTICE OF APPEAL**

Notice is hereby given that Plaintiffs Dr. Holly Atkinson, Dr. Natasha Anushri Anandaraja, Mary Caliendo and Humale Khan hereby appeal to the United States Court of Appeals for the Second Circuit from the decision and order entered on January 14, 2022 (Dkt. 81), granting Defendants' Motion to Dismiss the First Amended Complaint, entered as final judgment on April 25, 2022 (Dkt. 103). This appeal is taken from the following parts of the January 14 order:

- The dismissal of all causes of action pled by Plaintiffs Atkinson, Anandaraja, Khan and Caliendo.

Dated: May 30, 2022

By: */s/ Laura Gleen*
John F.O. McAllister
jmcallister@mcolaw.com
Laura Gleen
lgleen@mcolaw.com

McALLISTER OLIVARIUS
641 Lexington Avenue
13th Floor
New York, NY 10022
(212) 433-3456

*Attorneys for Plaintiffs*

# Exhibit C

APPEAL,CASREF,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:19-cv-03779-VSB-JW

| | |
|---|---|
| Atkinson et al v. Mount Sinai Health System, Inc. et al | Date Filed: 04/26/2019 |
| Assigned to: Judge Vernon S. Broderick | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Jennifer E Willis | Nature of Suit: 442 Civil Rights: Jobs |
| Cause: 28:451 Employment Discrimination | Jurisdiction: Federal Question |

**Plaintiff**

**Dr. Holly Atkinson**
*TERMINATED: 01/14/2022*

represented by **Paul Peter Hughes**
McAllister Olivarius
The Pearce Building
7th Floor
West Street
Maidenhead
United Kingdom of Great Britain and
Northern Irela
441628567541
Email: phughes@mcolaw.com
*TERMINATED: 08/09/2021*
*LEAD ATTORNEY*

**Laura Gleen**
McAllister Olivarius
Pearce Building
West Street
Ste Floor 7
Maidenhead
United Kingdom of Great Britain and
Northern Irela
+447494725463
Email: lgleen@mcolaw.com
*ATTORNEY TO BE NOTICED*

**John F. O. McAllister**
McAllister Olivarius
7 Wells Street
Saratoga Springs, NY 12866
(518)-633-4775
Email: jmcallister@mcolaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dr. Natasha Anushri Anandaraja**
*TERMINATED: 01/14/2022*

represented by **Paul Peter Hughes**
(See above for address)
*TERMINATED: 08/09/2021*
*LEAD ATTORNEY*

**Laura Gleen**
(See above for address)
*ATTORNEY TO BE NOTICED*

                                             **John F. O. McAllister**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dr. Stella Safo**            represented by    **Paul Peter Hughes**
(See above for address)
*TERMINATED: 08/09/2021*
*LEAD ATTORNEY*

**Laura Gleen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John F. O. McAllister**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mary Caliendo**
*TERMINATED: 01/14/2022*      represented by    **Paul Peter Hughes**
(See above for address)
*TERMINATED: 08/09/2021*
*LEAD ATTORNEY*

**Laura Gleen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John F. O. McAllister**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Humale Khan**
*TERMINATED: 01/14/2022*      represented by    **Paul Peter Hughes**
(See above for address)
*TERMINATED: 08/09/2021*
*LEAD ATTORNEY*

**Laura Gleen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John F. O. McAllister**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Geraldine Llames**          represented by    **Paul Peter Hughes**
(See above for address)
*TERMINATED: 08/09/2021*
*LEAD ATTORNEY*

**Laura Gleen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John F. O. McAllister**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Amanda Misiti**                                    represented by **Paul Peter Hughes**
(See above for address)
*TERMINATED: 08/09/2021*
*LEAD ATTORNEY*

**Laura Gleen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John F. O. McAllister**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Emilie Bruzelius**                                  represented by **Paul Peter Hughes**
(See above for address)
*TERMINATED: 08/09/2021*
*LEAD ATTORNEY*

**Laura Gleen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John F. O. McAllister**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Mount Sinai Health System, Inc.**                   represented by **Bettina Barasch Plevan**
*TERMINATED: 05/16/2022*                              Proskauer Rose LLP (NYC)
11 Times Square
New York, NY 10036
(212) 969-3065
Fax: (212) 969-2900
Email: bplevan@proskauer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edna Doris Guerrasio**
Proskauer Rose LLP
Eleven Times Square
Ste 2106
New York, NY 10036
212-969-3012
Fax: 212-969-2900
Email: eguerrasio@proskauer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Baumgarten**
Proskauer Rose LLP (NYC)

11 Times Square
New York, NY 10036
(212) 969-3002
Fax: (212) 969-2900
Email: jbaumgarten@proskauer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Austin McLeod**
Proskauer Rose LLP (NYC)
11 Times Square
New York, NY 10036
804-908-1592
Email: amcleod@proskauer.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dr. Prabhjot Singh**      represented by   **Bettina Barasch Plevan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edna Doris Guerrasio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Baumgarten**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Austin McLeod**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dr. Dennis S. Charney**      represented by   **Bettina Barasch Plevan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edna Doris Guerrasio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Baumgarten**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Austin McLeod**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bruno Silva**          represented by   **Bettina Barasch Plevan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edna Doris Guerrasio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Baumgarten**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Austin McLeod**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**David Berman**
*TERMINATED: 01/14/2022*       represented by   **Mark S. Mancher**
Jackson Lewis P.C. (Melville N.Y.)
58 South Service Road, Suite 250
Melville, NY 11747
631-247-0404
Fax: 631-247-0417
Email: mancherm@jacksonlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David S. Greenhaus**
Jackson Lewis P.C. (Melville N.Y.)
58 South Service Road, Suite 250
Melville, NY 11747
(631) 247- 0404
Fax: (631) 247 -0417
Email: greenhausd@jacksonlewis.com
*ATTORNEY TO BE NOTICED*

**William Kang**
Jackson Lewis P.C.
58 South Service Road
Suite 250
Melville, NY 11747
631-247-0404
Fax: 631-247-0417
Email: william.kang@jacksonlewis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Icahn School of Medicine at Mount Sinai**      represented by   **Bettina Barasch Plevan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Baumgarten**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Austin McLeod**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David S. Greenhaus**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/26/2019 | 1 | COMPLAINT against David A Berman, Dennis S. Charney, MD, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh. (Filing Fee $ 400.00, Receipt Number ANYSDC-16778132)Document filed by Holly Atkinson, Geraldine Llames, Natasha Anushri Anandaraja, Mary Caliendo, Amanda Misiti, Stella Safo, Emilie Bruzelius, Humale Khan.(McAllister, John) (Entered: 04/26/2019) |
| 04/26/2019 | 2 | **FILING ERROR - DUPLICATE DOCKET ENTRY –**COMPLAINT against David A Berman, Dennis S. Charney, MD, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh. (Filing Fee $ 400.00, Receipt Number ANYSDC-16778423)Document filed by Holly Atkinson, Geraldine Llames, Natasha Anushri Anandaraja, Mary Caliendo, Amanda Misiti, Stella Safo, Emilie Bruzelius, Humale Khan. (Attachments: # 1 Civil Cover Sheet)(McAllister, John) Modified on 4/29/2019 (dnh). (Entered: 04/26/2019) |
| 04/26/2019 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to Bruno Silva, re: 2 Complaint,. Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo. (McAllister, John) (Entered: 04/26/2019) |
| 04/26/2019 | 4 | REQUEST FOR ISSUANCE OF SUMMONS as to Prabhjot Singh, re: 2 Complaint,. Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo. (McAllister, John) (Entered: 04/26/2019) |
| 04/26/2019 | 5 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR -** REQUEST FOR ISSUANCE OF SUMMONS as to Mount Sinai Health System, Inc., re: 2 Complaint,. Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo. (McAllister, John) Modified on 4/29/2019 (dnh). (Entered: 04/26/2019) |
| 04/26/2019 | 6 | REQUEST FOR ISSUANCE OF SUMMONS as to Dennis Charney, re: 2 Complaint,. Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo. (McAllister, John) (Entered: 04/26/2019) |
| 04/26/2019 | 7 | REQUEST FOR ISSUANCE OF SUMMONS as to David Berman, re: 2 Complaint,. Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo. (McAllister, John) (Entered: 04/26/2019) |
| 04/29/2019 | | **\*\*\*NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney John F. O. McAllister. The party information for the following party/parties has been modified: Mr. David A Berman ; Dr. Dennis S. Charney, M.D.. The information for the party/parties has been modified for the following reason/reasons: party name contained a typographical error. (dnh)** (Entered: 04/29/2019) |

| | | |
|---|---|---|
| 04/29/2019 | | ***NOTICE TO ATTORNEY TO ELECTRONICALLY FILE CIVIL COVER SHEET. Notice to Attorney John F. O. McAllister. Attorney must electronically file the Civil Cover Sheet. Use the event type Civil Cover Sheet found under the event list Other Documents. (dnh) (Entered: 04/29/2019) |
| 04/29/2019 | | ***NOTICE TO ATTORNEY REGARDING CIVIL. CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney John F. O. McAllister. The following case opening statistical information was erroneously selected/entered: Arbitration code e (Exempt); Fee Status code due (due). The following correction(s) have been made to your case entry: the Arbitration code has been deleted; the Fee Status code has been modified to pd (paid). (dnh) (Entered: 04/29/2019) |
| 04/29/2019 | 8 | CIVIL COVER SHEET filed. (McAllister, John) (Entered: 04/29/2019) |
| 04/29/2019 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Vernon S. Broderick. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges/District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (dnh) (Entered: 04/29/2019) |
| 04/29/2019 | | Magistrate Judge Kevin Nathaniel Fox is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (dnh) (Entered: 04/29/2019) |
| 04/29/2019 | | Case Designated ECF. (dnh) (Entered: 04/29/2019) |
| 04/29/2019 | 9 | ELECTRONIC SUMMONS ISSUED as to Bruno Silva. (dnh) (Entered: 04/29/2019) |
| 04/29/2019 | 10 | ELECTRONIC SUMMONS ISSUED as to Prabhjot Singh. (dnh) (Entered: 04/29/2019) |
| 04/29/2019 | 11 | ELECTRONIC SUMMONS ISSUED as to Dennis S. Charney. (dnh) (Entered: 04/29/2019) |
| 04/29/2019 | 12 | ELECTRONIC SUMMONS ISSUED as to David Berman. (dnh) (Entered: 04/29/2019) |
| 04/29/2019 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney John F. O. McAllister to RE-FILE Document No. 5 Request for Issuance of Summons. The filing is deficient for the following reason(s): 'C/o' Error; Include 'c/o' or 'via' before second party name. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (dnh) (Entered: 04/29/2019) |
| 04/29/2019 | 13 | REQUEST FOR ISSUANCE OF SUMMONS as to Mount Sinai Health System, Inc., re: 1 Complaint,. Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo. (McAllister, John) (Entered: 04/29/2019) |
| 04/30/2019 | 14 | ELECTRONIC SUMMONS ISSUED as to Mount Sinai Health System, Inc.. (dnh) (Entered: 04/30/2019) |
| 05/03/2019 | 15 | ACKNOWLEDGMENT OF SERVICE Summons and Complaint, served. Prabhjot Singh served on 4/30/2019, answer due 5/21/2019. Service was accepted by Gilbert Giegel. Document filed by Holly Atkinson; Geraldine Llames; Natasha Anushri |

| | | | |
|---|---|---|---|
| | | | Anandaraja; Mary Caliendo; Amanda Misiti; Stella Safo; Emilie Bruzelius; Humale Khan. (McAllister, John) (Entered: 05/03/2019) |
| 05/03/2019 | 16 | | AFFIDAVIT OF SERVICE of Summons and Complaint,. Dennis S. Charney served on 4/30/2019, answer due 5/21/2019. Service was accepted by Gilbert Giegel. Document filed by Holly Atkinson; Geraldine Llames; Natasha Anushri Anandaraja; Mary Caliendo; Amanda Misiti; Stella Safo; Emilie Bruzelius; Humale Khan. (McAllister, John) (Entered: 05/03/2019) |
| 05/03/2019 | 17 | | AFFIDAVIT OF SERVICE of Summons and Complaint,. David Berman served on 4/29/2019, answer due 5/20/2019. Service was accepted by David Berman. Document filed by Holly Atkinson; Geraldine Llames; Natasha Anushri Anandaraja; Mary Caliendo; Amanda Misiti; Stella Safo; Emilie Bruzelius; Humale Khan. (McAllister, John) (Entered: 05/03/2019) |
| 05/03/2019 | 18 | | AFFIDAVIT OF SERVICE of Summons and Complaint,. Bruno Silva served on 4/29/2019, answer due 5/20/2019. Service was accepted by Pete Doe. Document filed by Holly Atkinson; Geraldine Llames; Natasha Anushri Anandaraja; Mary Caliendo; Amanda Misiti; Stella Safo; Emilie Bruzelius; Humale Khan. (McAllister, John) (Entered: 05/03/2019) |
| 05/03/2019 | 19 | | AFFIDAVIT OF SERVICE of Summons and Complaint,. Mount Sinai Health System, Inc. served on 5/1/2019, answer due 5/22/2019. Service was accepted by John Cruz. Document filed by Holly Atkinson; Geraldine Llames; Natasha Anushri Anandaraja; Mary Caliendo; Amanda Misiti; Stella Safo; Emilie Bruzelius; Humale Khan. (McAllister, John) (Entered: 05/03/2019) |
| 05/08/2019 | 20 | | NOTICE OF APPEARANCE by Paul Peter Hughes on behalf of Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo. (Hughes, Paul) (Entered: 05/08/2019) |
| 05/20/2019 | 21 | | PROPOSED STIPULATION AND ORDER. Document filed by David Berman, Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh. (Baumgarten, Joseph) (Entered: 05/20/2019) |
| 05/22/2019 | 22 | | STIPULATION AND ORDER TO EXTEND TIME TO ANSWER, MOVE OR OTHERWISE RESPOND TO THE COMPLAINT: IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys for the parties, that the time within which Defendants may move, answer, or otherwise respond to the Complaint is hereby extended from May 20, 2019, up to and including July 22, 2019. There have been no prior requests for an extension of time in connection with this matter. Facsimile or electronic signatures on this Stipulation are hereby deemed originals. No provision of this Stipulation and Order shall be construed as a waiver of, and Defendants hereby expressly reserve, any and all defenses. SO ORDERED. (Signed by Judge Vernon S. Broderick on 5/22/2019) David Berman answer due 7/22/2019; Dennis S. Charney answer due 7/22/2019; Mount Sinai Health System, Inc. answer due 7/22/2019; Bruno Silva answer due 7/22/2019; Prabhjot Singh answer due 7/22/2019. (ks) (Entered: 05/22/2019) |
| 07/15/2019 | 23 | | NOTICE OF APPEARANCE by William Kang on behalf of David Berman. (Kang, William) (Entered: 07/15/2019) |
| 07/16/2019 | 24 | | NOTICE OF APPEARANCE by Mark S. Mancher on behalf of David Berman. (Mancher, Mark) (Entered: 07/16/2019) |
| 07/16/2019 | 25 | | NOTICE OF APPEARANCE by Bettina Barasch Plevan on behalf of Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh. (Plevan, Bettina) (Entered: 07/16/2019) |
| 07/16/2019 | 26 | | NOTICE OF APPEARANCE by Joseph Baumgarten on behalf of Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh. (Baumgarten, Joseph) (Entered: 07/16/2019) |

| | | |
|---|---|---|
| 07/16/2019 | 27 | NOTICE OF APPEARANCE by Edna Doris Guerrasio on behalf of Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh. (Guerrasio, Edna) (Entered: 07/16/2019) |
| 07/22/2019 | 28 | PROPOSED STIPULATION AND ORDER. Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo. (McAllister, John) (Entered: 07/22/2019) |
| 07/23/2019 | 29 | STIPULATION AND ORDER REGARDING AMENDED COMPLAINT: NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys for the parties, that (i) Defendants shall not be required to move, answer or otherwise respond to the Complaint; (ii) Plaintiffs shall be permitted to file an Amended Complaint up to and including August 6, 2019, and (iii) Defendants shall be permitted to move, answer, or otherwise respond to Plaintiffs' Amended Complaint up to and including September 5, 2019. The parties are directed to seek any further extensions by letter-motion, in accordance with Rule 1(G) of my Individual Rules & Practices in Civil Cases. SO ORDERED. (Amended Pleadings due by 8/6/2019.) (Signed by Judge Vernon S. Broderick on 7/23/2019) (rro) (Entered: 07/23/2019) |
| 08/06/2019 | 30 | FIRST AMENDED COMPLAINT amending 1 Complaint, against David Berman, Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh with JURY DEMAND.Document filed by Holly Atkinson, Geraldine Llames, Natasha Anushri Anandaraja, Mary Caliendo, Amanda Misiti, Stella Safo, Emilie Bruzelius, Humale Khan. Related document: 1 Complaint,.(McAllister, John) (Entered: 08/06/2019) |
| 08/29/2019 | 31 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Vernon S. Broderick from Bettina B. Plevan dated August 29, 2019. Document filed by Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh.(Plevan, Bettina) (Entered: 08/29/2019) |
| 08/30/2019 | 32 | ORDER granting 31 LETTER MOTION for Leave to File Excess Pages addressed to Judge Vernon S. Broderick from Bettina B. Plevan dated August 29, 2019. Document filed by Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh. Application granted. So ordered. (Signed by Judge Vernon S. Broderick on 8/30/2019) (rjm) (Entered: 08/30/2019) |
| 09/05/2019 | 33 | MOTION to Dismiss *Notice of Motion to Dismiss*. Document filed by David Berman. (Mancher, Mark) (Entered: 09/05/2019) |
| 09/05/2019 | 34 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU (SEE 35 Memorandum) -** MOTION to Dismiss *(Defendant David Berman's Memorandum of Law in Support of Motion to Dismiss)*. Document filed by David Berman. (Mancher, Mark) Modified on 9/6/2019 (db). (Entered: 09/05/2019) |
| 09/05/2019 | 35 | MEMORANDUM OF LAW in Support re: 33 MOTION to Dismiss *Notice of Motion to Dismiss*. *Defendant David Berman's Memorandum of Law in Support of Motion to Dismiss*. Document filed by David Berman. (Mancher, Mark) (Entered: 09/05/2019) |
| 09/05/2019 | 36 | MOTION to Strike Document No. 30 *First Amended Complaint*. Document filed by Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh. (Baumgarten, Joseph) (Entered: 09/05/2019) |
| 09/05/2019 | 37 | MEMORANDUM OF LAW in Support re: 36 MOTION to Strike Document No. 30 *First Amended Complaint*. . Document filed by Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh. (Baumgarten, Joseph) (Entered: 09/05/2019) |
| 09/05/2019 | 38 | MOTION to Dismiss *Notice of Defendants' Partial Motion to Dismiss the Amended Complaint*. Document filed by Dennis S. Charney, Mount Sinai Health System, Inc., |

| | | |
|---|---|---|
| | | Bruno Silva, Prabhjot Singh.(Baumgarten, Joseph) (Entered: 09/05/2019) |
| 09/05/2019 | 39 | MEMORANDUM OF LAW in Support re: 38 MOTION to Dismiss *Notice of Defendants' Partial Motion to Dismiss the Amended Complaint*. . Document filed by Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh. (Baumgarten, Joseph) (Entered: 09/05/2019) |
| 09/05/2019 | 40 | DECLARATION of Joseph Baumgarten in Support re: 38 MOTION to Dismiss *Notice of Defendants' Partial Motion to Dismiss the Amended Complaint*.. Document filed by Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Baumgarten, Joseph) (Entered: 09/05/2019) |
| 09/05/2019 | 41 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Mount Sinai Health System, Inc..(Baumgarten, Joseph) (Entered: 09/05/2019) |
| 09/18/2019 | 42 | LETTER MOTION for Extension of Time to File Response/Reply as to 33 MOTION to Dismiss *Notice of Motion to Dismiss*. addressed to Judge Vernon S. Broderick from John F.O. McAllister dated 9/18/19. Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo.(McAllister, John) (Entered: 09/18/2019) |
| 09/18/2019 | 43 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Vernon S. Broderick from John F.O. McAllister dated 9/18/19. Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo.(McAllister, John) (Entered: 09/18/2019) |
| 09/18/2019 | 44 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Vernon S. Broderick from John F.O. McAllister dated 9/18/19. Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo.(McAllister, John) (Entered: 09/18/2019) |
| 09/19/2019 | 45 | MEMO ENDORSEMENT on 44 terminating 42 Letter Motion for Extension of Time to File Response/Reply re 36 MOTION to Strike Document No. 30 *First Amended Complaint*., 38 MOTION to Dismiss *Notice of Defendants' Partial Motion to Dismiss the Amended Complaint*; terminating 43 Letter Motion for Extension of Time to File Response/Reply re 36 MOTION to Strike Document No. 30 *First Amended Complaint*., 38 MOTION to Dismiss *Notice of Defendants' Partial Motion to Dismiss the Amended Complaint*; granting 44 Letter Motion for Extension of Time to File Response/Reply re 36 MOTION to Strike Document No. 30 *First Amended Complaint*., 38 MOTION to Dismiss *Notice of Defendants' Partial Motion to Dismiss the Amended Complaint*. ENDORSEMENT: APPLICATION GRANTED. SO ORDERED. The Clerk of Court is respectfully directed to terminate theletter motions at Docs. 42, 43, and 44. (Responses due by 10/17/2019 Replies due by 11/21/2019.) (Signed by Judge Vernon S. Broderick on 9/19/2019) (rro) (Entered: 09/19/2019) |
| 10/11/2019 | 46 | LETTER addressed to Judge Vernon S. Broderick from Bettina B. Plevan dated 10/11/2019 re: Permission to Attach Declarations and Submit Additional pages. Document filed by Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh.(Plevan, Bettina) (Entered: 10/11/2019) |
| 10/16/2019 | 47 | FIRST LETTER MOTION for Leave to File Excess Pages *for memorandum of law in opposition to Defendants' Motions to Dismiss* addressed to Judge Vernon S. Broderick from Jef McAllister dated October 16, 2019. Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo.(McAllister, John) (Entered: 10/16/2019) |
| | | |

| | | |
|---|---|---|
| 10/16/2019 | 48 | ORDER granting 47 Letter Motion for Leave to File Excess Pages. APPLICATION GRANTED. (Signed by Judge Vernon S. Broderick on 10/16/2019) (mro) (Entered: 10/16/2019) |
| 10/16/2019 | 49 | MEMO ENDORSEMENT on re: 46 Letter, filed by Dennis S. Charney, Prabhjot Singh, Bruno Silva, Mount Sinai Health System, Inc. ENDORSEMENT: APPLICATION GRANTED. (Signed by Judge Vernon S. Broderick on 10/16/2019) (mro) (Entered: 10/16/2019) |
| 10/17/2019 | 50 | LETTER addressed to Judge Vernon S. Broderick from Bettina B. Plavan dated October 17 2019 re: Olivarius Representation and Atkinson Deposition. Document filed by Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (Plevan, Bettina) (Entered: 10/17/2019) |
| 10/17/2019 | 51 | **FILING ERROR - DEFICIENT DOCKET ENTRY (SEE 53 Memorandum) -** MEMORANDUM OF LAW in Opposition re: 38 MOTION to Dismiss *Notice of Defendants' Partial Motion to Dismiss the Amended Complaint*., 33 MOTION to Dismiss *Notice of Motion to Dismiss*. . Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo. (McAllister, John) Modified on 10/21/2019 (db). (Entered: 10/17/2019) |
| 10/17/2019 | 52 | MEMORANDUM OF LAW in Opposition re: 36 MOTION to Strike Document No. 30 *First Amended Complaint*. . Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo. (McAllister, John) (Entered: 10/17/2019) |
| 10/17/2019 | 53 | MEMORANDUM OF LAW in Opposition re: 38 MOTION to Dismiss *Notice of Defendants' Partial Motion to Dismiss the Amended Complaint*., 33 MOTION to Dismiss *Notice of Motion to Dismiss*. CORRECTED. Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo. (McAllister, John) (Entered: 10/17/2019) |
| 10/21/2019 | 54 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Specific Non-Dispositive Motion/Dispute: Defendant Mount Sinai's motion for limited expedited discovery and Plaintiffs' request for sanctions, (Doc. 50). Referred to Magistrate Judge Kevin Nathaniel Fox. (Signed by Judge Vernon S. Broderick on 10/21/2019) (rro) (Entered: 10/21/2019) |
| 10/30/2019 | 55 | MEMORANDUM AND ORDER: Accordingly, the defendants' request for expedited discovery, Docket Entry No. 50, is denied. SO ORDERED. (Signed by Magistrate Judge Kevin Nathaniel Fox on 10/30/2019) (ks) Modified on 10/30/2019 (ks). (Entered: 10/30/2019) |
| 11/06/2019 | 56 | NOTICE OF CHANGE OF ADDRESS by Edna Doris Guerrasio on behalf of Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh. New Address: Proskauer Rose LLP, 11 Times Square, New York, NY, 10036, 212 969 3012. (Guerrasio, Edna) (Entered: 11/06/2019) |
| 11/20/2019 | 57 | REPLY MEMORANDUM OF LAW in Support re: 33 MOTION to Dismiss *Notice of Motion to Dismiss*. . Document filed by David Berman. (Mancher, Mark) (Entered: 11/20/2019) |
| 11/21/2019 | 58 | REPLY MEMORANDUM OF LAW in Support re: 36 MOTION to Strike Document No. 30 *First Amended Complaint*. . Document filed by Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh. (Baumgarten, Joseph) (Entered: 11/21/2019) |
| 11/21/2019 | 59 | REPLY MEMORANDUM OF LAW in Support re: 38 MOTION to Dismiss *Notice of* |

| | | |
|---|---|---|
| | | *Defendants' Partial Motion to Dismiss the Amended Complaint*. . Document filed by Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh. (Baumgarten, Joseph) (Entered: 11/21/2019) |
| 03/03/2020 | 60 | NOTICE OF CHANGE OF ADDRESS by John F. O. McAllister on behalf of Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo. New Address: McAllister Olivarius, 200 Park Avenue, Suite 1700, New York, New York, USA 10166, (212) 433-3456..(McAllister, John) (Entered: 03/03/2020) |
| 04/01/2020 | 61 | NOTICE OF CHANGE OF ADDRESS by Paul Peter Hughes on behalf of Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo. New Address: McAllister Olivarius, 200 Park Avenue, Suite 1700, New York, New York, USA 10166, (212) 433-3456..(Hughes, Paul) (Entered: 04/01/2020) |
| 09/21/2020 | 62 | LETTER addressed to Judge Vernon S. Broderick from Dr. Jef McAllister dated 09/21/2020 re: Dr. Holly Atkinson, et al. v. Mount Sinai Health Systems, Inc. et al., Case No. 1:19-cv-03779-VSB, Notice of Supplemental Authority. Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo..(McAllister, John) (Entered: 09/21/2020) |
| 09/21/2020 | 63 | **FILING ERROR - DEFICIENT DOCKET ENTRY - FILER ERROR - (SEE #65)**NOTICE of Notice of Motion for Leave to file Second Amended Complaint. Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo.. (McAllister, John) Modified on 9/22/2020 (kj). (Entered: 09/21/2020) |
| 09/21/2020 | 64 | **FILING ERROR - DEFICIENT DOCKET ENTRY - FILER ERROR - (SEE #66)** LETTER MOTION for Leave to File Second Amended Complaint *Memorandum of Law* addressed to Judge Vernon S. Broderick from Dr. Jef McAllister dated 09/21/2020. Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo..(McAllister, John) Modified on 9/22/2020 (kj). (Entered: 09/21/2020) |
| 09/21/2020 | 65 | MOTION for Leave to File Second Amended Complaint . Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo..(McAllister, John) (Entered: 09/21/2020) |
| 09/21/2020 | 66 | MEMORANDUM OF LAW in Support re: 65 MOTION for Leave to File Second Amended Complaint . . Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo..(McAllister, John) (Entered: 09/21/2020) |
| 09/21/2020 | 67 | DECLARATION of John F.O. McAllister in Support re: 65 MOTION for Leave to File Second Amended Complaint .. Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo. (Attachments: # 1 Exhibit Plaintiffs proposed Second Amended Complaint, # 2 Exhibit Comparison of the proposed Second Amended Complaint against the (currently operative) First Amended Complaint).(McAllister, John) (Entered: 09/21/2020) |
| 09/24/2020 | 68 | LETTER addressed to Judge Vernon S. Broderick from Bettina B. Plevan dated 9/24/2020 re: Response to Plaintiffs' Notice of Supplemental Authority [Dkt. Entry 62]. Document filed by Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh..(Plevan, Bettina) (Entered: 09/24/2020) |
| 09/28/2020 | 69 | LETTER addressed to Judge Vernon S. Broderick from Dr. Jef McAllister dated September 28, 2020 re: Reply to Opposition to Notice of Supplemental Authority. |

| | | |
|---|---|---|
| | | Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo.. (McAllister, John) (Entered: 09/28/2020) |
| 10/01/2020 | 70 | JOINT LETTER MOTION for Extension of Time to File Response/Reply as to 63 Notice (Other), addressed to Judge Vernon S. Broderick from Bettina B. Plevan dated 10/1/2020. Document filed by Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh..(Plevan, Bettina) (Entered: 10/01/2020) |
| 10/04/2020 | 71 | ORDER: granting 70 Letter Motion for Extension of Time to File Response/Reply re 70 JOINT LETTER MOTION for Extension of Time to File Response/Reply as to 63 Notice (Other), addressed to Judge Vernon S. Broderick from Bettina B. Plevan dated 10/1/2020. Application Granted. SO ORDERED. Responses due by 10/19/2020 Replies due by 11/2/2020. (Signed by Judge Vernon S. Broderick on 10/04/2020) (ama) (Entered: 10/05/2020) |
| 10/19/2020 | 72 | MEMORANDUM OF LAW in Opposition re: 65 MOTION for Leave to File Second Amended Complaint . . Document filed by David Berman..(Mancher, Mark) (Entered: 10/19/2020) |
| 10/19/2020 | 73 | MEMORANDUM OF LAW in Opposition re: 65 MOTION for Leave to File Second Amended Complaint . . Document filed by Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh..(Baumgarten, Joseph) (Entered: 10/19/2020) |
| 10/23/2020 | 74 | LETTER addressed to Judge Vernon S. Broderick from Dr. Jef McAllister dated 10/23/2020 re: Leave to File Single Response and Excess Pages for memorandum of law in response to Defendants' Opposition to Motion for Leave to Amend. Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo..(McAllister, John) (Entered: 10/23/2020) |
| 10/27/2020 | 75 | MEMO ENDORSEMENT on re: 74 Letter. ENDORSEMENT: APPLICATION GRANTED. (Signed by Judge Vernon S. Broderick on 10/27/2020) (jwh) (Entered: 10/27/2020) |
| 11/02/2020 | 76 | REPLY MEMORANDUM OF LAW in Support re: 65 MOTION for Leave to File Second Amended Complaint . . Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo..(McAllister, John) (Entered: 11/02/2020) |
| 07/28/2021 | 77 | NOTICE OF APPEARANCE by John F. O. McAllister on behalf of Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo..(McAllister, John) (Entered: 07/28/2021) |
| 08/06/2021 | 78 | MOTION for PAUL HUGHES to Withdraw as Attorney . Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo. (Attachments: # 1 Affidavit Declaration of Paul Hughes in support of withdrawal).(McAllister, John) (Entered: 08/06/2021) |
| 08/09/2021 | 79 | ORDER granting 78 Motion to Withdraw as Attorney. APPLICATION GRANTED SO ORDERED. Attorney Paul Peter Hughes terminated. (Signed by Judge Vernon S. Broderick on 8/9/2021) (ate) (Entered: 08/10/2021) |
| 12/14/2021 | 80 | NOTICE OF APPEARANCE by David S. Greenhaus on behalf of David Berman.. (Greenhaus, David) (Entered: 12/14/2021) |
| 01/14/2022 | 81 | OPINION AND ORDER re: 38 MOTION to Dismiss *Notice of Defendants' Partial Motion to Dismiss the Amended Complaint.* filed by Dennis S. Charney, Prabhjot Singh, Bruno Silva, Mount Sinai Health System, Inc., 36 MOTION to Strike |

| | | |
|---|---|---|
| | | Document No. 30 *First Amended Complaint*. filed by Dennis S. Charney, Prabhjot Singh, Bruno Silva, Mount Sinai Health System, Inc., 33 MOTION to Dismiss *Notice of Motion to Dismiss*. filed by David Berman, 65 MOTION for Leave to File Second Amended Complaint . filed by Emilie Bruzelius, Amanda Misiti, Geraldine Llames, Mary Caliendo, Natasha Anushri Anandaraja, Holly Atkinson, Humale Khan, Stella Safo. For the foregoing reasons, Bermans motion to dismiss is GRANTED; the Sinai Defendants motion to dismiss is GRANTED IN PART and DENIED IN PART; their motion to strike is DENIED; and Plaintiffs' motion for leave to file the SAC is DENIED. Given my disposition, Plaintiffs Atkinson's, Anandaraja's, Khan's, and Caliendo's federal claims are DISMISSED with prejudice, and their state law claims are DISMISSED without prejudice. Plaintiff Misiti's federal and state law retaliation claims under the Thirteenth Cause of Action are DISMISSED with prejudice. Plaintiffs Safo's and Llames' claims against Berman are DISMISSED with prejudice. In summary, Plaintiffs Atkinson, Anandaraja, Khan, and Caliendo no longer have causes of action in this case; proposed Plaintiff Beddoe cannot join this action; and Defendant Berman is dismissed from this action. SO ORDERED. David Berman, Mary Caliendo, Humale Khan, Natasha Anushri Anandaraja and Holly Atkinson terminated. (Signed by Judge Vernon S. Broderick on 1/14/2022) (kv) (Entered: 01/14/2022) |
| 01/21/2022 | 82 | NOTICE OF CHANGE OF ADDRESS by John F. O. McAllister on behalf of Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo. New Address: McAllister Olivarius, 641 Lexington Avenue, 13th Floor, New York, New York, USA 10022, 212-433-3456..(McAllister, John) (Entered: 01/21/2022) |
| 01/25/2022 | 83 | LETTER MOTION for Extension of Time to File Answer re: 30 Amended Complaint, addressed to Judge Vernon S. Broderick from Joseph Baumgarten dated January 25, 2022. Document filed by Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh..(Baumgarten, Joseph) (Entered: 01/25/2022) |
| 01/26/2022 | 84 | ORDER granting 83 Letter Motion for Extension of Time to Answer re: 83 LETTER MOTION for Extension of Time to File Answer re: 30 Amended Complaint, addressed to Judge Vernon S. Broderick from Joseph Baumgarten dated January 25, 2022., 30 Amended Complaint. APPLICATION GRANTED. SO ORDERED. Dennis S. Charney answer due 3/18/2022; Mount Sinai Health System, Inc. answer due 3/18/2022; Bruno Silva answer due 3/18/2022; Prabhjot Singh answer due 3/18/2022. (Signed by Judge Vernon S. Broderick on 1/26/2022) (kv) (Entered: 01/26/2022) |
| 02/01/2022 | | NOTICE OF REDESIGNATION TO ANOTHER MAGISTRATE JUDGE. The above entitled action has been redesignated to Magistrate Judge Jennifer E Willis. Please note that this is a reassignment of the designation only..(wb) (Entered: 02/01/2022) |
| 02/01/2022 | | NOTICE OF REASSIGNMENT OF A REFERRAL TO ANOTHER MAGISTRATE JUDGE. The referral in the above entitled action has been reassigned to Magistrate Judge Jennifer E Willis, for Specific Non-Dispositive Motion/Dispute. Magistrate Judge Kevin Nathaniel Fox no longer referred to the case..(wb) (Entered: 02/01/2022) |
| 02/10/2022 | 85 | MOTION for Judgment on Partial Findings . Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo..(McAllister, John) (Entered: 02/10/2022) |
| 02/10/2022 | 86 | MEMORANDUM OF LAW in Support re: 85 MOTION for Judgment on Partial Findings . . Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo..(McAllister, John) (Entered: 02/10/2022) |
| 02/10/2022 | 87 | PROPOSED ORDER. Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, |

| | | |
|---|---|---|
| | | Amanda Misiti, Stella Safo. Related Document Number: 085 ..(McAllister, John) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 02/10/2022) |
| 02/10/2022 | | ***NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. 87 Proposed Order was reviewed and approved as to form. (km)** (Entered: 02/10/2022) |
| 02/24/2022 | 88 | LETTER MOTION for Extension of Time *Request for extension of the briefing schedule* addressed to Judge Vernon S. Broderick from Joseph Baumgarten dated 2/24/2022. Document filed by Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh..(Baumgarten, Joseph) (Entered: 02/24/2022) |
| 03/04/2022 | 89 | ORDER granting 88 LETTER MOTION for Extension of Time Request for extension of the briefing schedule. APPLICATION GRANTED SO ORDERED. (Signed by Judge Vernon S. Broderick on 3/4/2022) (jca) (Entered: 03/04/2022) |
| 03/04/2022 | | Set/Reset Deadlines: Responses due by 3/4/2022 Replies due by 4/1/2022. (jca) (Entered: 03/04/2022) |
| 03/04/2022 | 90 | MEMORANDUM OF LAW in Opposition re: 85 MOTION for Judgment on Partial Findings . . Document filed by Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh..(Baumgarten, Joseph) (Entered: 03/04/2022) |
| 03/14/2022 | 91 | CONSENT LETTER MOTION for Extension of Time to File Answer addressed to Judge Vernon S. Broderick from Joseph Baumgarten dated March 14, 2022. Document filed by Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh..(Baumgarten, Joseph) (Entered: 03/14/2022) |
| 03/15/2022 | 92 | ORDER granting 91 Letter Motion for Extension of Time to Answer re 91 CONSENT LETTER MOTION for Extension of Time to File Answer addressed to Judge Vernon S. Broderick from Joseph Baumgarten dated March 14, 2022.. APPLICATION GRANTED. SO ORDERED.. (Signed by Judge Vernon S. Broderick on 3/15/2022) Dennis S. Charney answer due 3/28/2022; Mount Sinai Health System, Inc. answer due 3/28/2022; Bruno Silva answer due 3/28/2022; Prabhjot Singh answer due 3/28/2022 (ks) (Entered: 03/15/2022) |
| 03/28/2022 | 93 | ANSWER to 30 Amended Complaint,. Document filed by Bruno Silva..(Baumgarten, Joseph) (Entered: 03/28/2022) |
| 03/28/2022 | 94 | ANSWER to 30 Amended Complaint,. Document filed by Prabhjot Singh..(Baumgarten, Joseph) (Entered: 03/28/2022) |
| 03/28/2022 | 95 | ANSWER to 30 Amended Complaint,. Document filed by Dennis S. Charney..(Baumgarten, Joseph) (Entered: 03/28/2022) |
| 03/28/2022 | 96 | ANSWER to 30 Amended Complaint,. Document filed by Mount Sinai Health System, Inc...(Baumgarten, Joseph) (Entered: 03/28/2022) |
| 03/29/2022 | 97 | REPLY MEMORANDUM OF LAW in Support re: 85 MOTION for Judgment on Partial Findings . . Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo..(McAllister, John) (Entered: 03/29/2022) |
| 03/29/2022 | 98 | ORDER AND NOTICE OF INITIAL CONFERENCE: This case has been assigned to me for all purposes. It is hereby: ORDERED that, in light of the public health crisis, the Court will not be holding an initial pretrial conference. IT IS FURTHER ORDERED that, by April 12, 2022, the parties shall submit a joint letter, not to exceed three (3) pages. IT IS FURTHER ORDERED that the parties also jointly submit to the Court a proposed case management plan and scheduling order. A template for the order is available at http://nysd.uscourts.gov/judge/Broderick. The status letter and the proposed case management plan should be filed electronically on ECF, consistent with Section 13.1 of the Court's Electronic Case Filing (ECF) Rules & Instructions, available at https://nysd.uscourts.gov/rules/ecf-relatedinstructions. SO |

| | | ORDERED. (Signed by Judge Vernon S. Broderick on 3/29/2022) (jca) (Entered: 03/29/2022) |
|---|---|---|
| 04/01/2022 | 99 | NOTICE OF APPEARANCE by Laura Gleen on behalf of Natasha Anushri Anandaraja, Holly Atkinson, Emilie Bruzelius, Mary Caliendo, Humale Khan, Geraldine Llames, Amanda Misiti, Stella Safo..(Gleen, Laura) (Entered: 04/01/2022) |
| 04/12/2022 | 100 | JOINT LETTER addressed to Judge Vernon S. Broderick from Joseph Baumgarten dated 4/12/2022 re: Joint letter pursuant to the Court's Order and Notice of Initial Conference, dated March 29, 2022 (Dkt. 98).. Document filed by Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh. (Attachments: # 1 Text of Proposed Order CASE MANAGEMENT PLAN AND SCHEDULING ORDER [Proposed]).(Baumgarten, Joseph) (Entered: 04/12/2022) |
| 04/13/2022 | 101 | CASE MANAGEMENT PLAN AND SCHEDULING ORDER: All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). This case is to be tried to a jury. Except as provided by Rule 15 of the Federal Rules of Civil Procedure, no additional parties may be joined after 30 days from the entry of this order. Depositions shall be completed by December 12, 2022. All expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be completed by February 28, 2023. The parties have conferred and their present best estimate of the length of trial is ten to fifteen days. SO ORDERED. Depositions due by 2/28/2023. Fact Discovery due by 12/12/2022. Expert Discovery due by 2/28/2023. Discovery due by 2/28/2023. Status Conference set for 3/3/2023 at 11:00 AM before Judge Vernon S. Broderick. (Signed by Judge Vernon S. Broderick on 4/13/2022) (vfr) (Entered: 04/13/2022) |
| 04/22/2022 | 102 | OPINION AND ORDER re: 85 MOTION for Judgment on Partial Findings . filed by Emilie Bruzelius, Amanda Misiti, Geraldine Llames, Mary Caliendo, Natasha Anushri Anandaraja, Holly Atkinson, Humale Khan, Stella Safo. For the foregoing reasons, the Motion is GRANTED as it pertains to the Dismissed Plaintiffs' claims and DENIED as it pertains to Misiti's retaliation claims. The Clerk of Court is respectfully directed to close the open motion at docket number 85 and to enter final judgment pursuant to Rule 54(b) against the Dismissed Plaintiffs and in favor of Defendants. SO ORDERED. (Signed by Judge Vernon S. Broderick on 4/22/2022) (kv) Transmission to Orders and Judgments Clerk for processing. (Entered: 04/22/2022) |
| 04/25/2022 | 103 | CLERK'S RULE 54(b) JUDGMENT re: 102 Memorandum & Opinion in favor of Mount Sinai Health System, Inc., Bruno Silva, Dennis S. Charney, Prabhjot Singh against Holly Atkinson, Humale Khan, Mary Caliendo, Natasha Anushri Anandaraja. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated April 22, 2022, the Motion is GRANTED as it pertains to the Dismissed Plaintiffs' claims and DENIED as it pertains to Misiti's retaliation claims. Final judgment is entered pursuant to Rule 54(b) against the Dismissed Plaintiffs and in favor of Defendants. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated April 22, 2022, the Motion is GRANTED as it pertains to the Dismissed Plaintiffs' claims and DENIED as it pertains to Misiti's retaliation claims. Final judgment is entered pursuant to Rule 54(b) against the Dismissed Plaintiffs and in favor of Defendants. (Signed by Clerk of Court Ruby Krajick on 4/25/2022) (Attachments: # 1 Right to Appeal) (km) (Entered: 04/25/2022) |
| 05/10/2022 | 104 | NOTICE OF APPEARANCE by Austin McLeod on behalf of Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh..(McLeod, Austin) (Entered: 05/10/2022) |
| 05/13/2022 | 105 | PROPOSED STIPULATION AND ORDER. Document filed by Dennis S. Charney, Mount Sinai Health System, Inc., Bruno Silva, Prabhjot Singh..(Baumgarten, Joseph) |

| | | |
|---|---|---|
| | | (Entered: 05/13/2022) |
| 05/16/2022 | 106 | ORDER: Accordingly, it is hereby: ORDERED that Defendant Mount Sinai Health System, Inc., is DISMISSED as a Defendant in this action, and in its place will be SUBSTITUTED Defendant Icahn School of Medicine at Mount Sinai. The Clerk of Court is respectfully directed to update the docket to reflect the substitution. If the parties did in fact intend to dismiss claims, and not simply to effect substitution of a Defendant, they may inform me of this by no later than May 21, 2022. SO ORDERED., Icahn School of Medicine at Mount Sinai added. Mount Sinai Health System, Inc. terminated. (Signed by Judge Vernon S. Broderick on 5/16/2022) (ama) (Entered: 05/16/2022) |
| 05/23/2022 | 107 | **FILING ERROR - NO ORDER SELECTED FOR APPEAL -** FIRST NOTICE OF APPEAL. Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Mary Caliendo, Humale Khan. Filing fee $ 505.00, receipt number ANYSDC-26184202. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit.. (Gleen, Laura) Modified on 5/23/2022 (tp). (Entered: 05/23/2022) |
| 05/23/2022 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Laura Gleen to RE-FILE Document No. 107 Notice of Appeal. The filing is deficient for the following reason(s): the order/judgment being appealed was not selected. Re-file the appeal using the event type Notice of Appeal found under the event list Appeal Documents - attach the correct signed PDF - select the correct named filer/filers - select the correct order/judgment being appealed. (tp) (Entered: 05/23/2022) |
| 05/23/2022 | 108 | FIRST NOTICE OF APPEAL from 103 Clerk's Judgment,,,, 81 Memorandum & Opinion, Add and Terminate Parties,,,,,,,,,,,,,,. Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Mary Caliendo, Humale Khan. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Gleen, Laura) (Entered: 05/23/2022) |
| 05/23/2022 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 108 Notice of Appeal. (tp) (Entered: 05/23/2022) |
| 05/23/2022 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 108 Notice of Appeal, filed by Mary Caliendo, Natasha Anushri Anandaraja, Holly Atkinson, Humale Khan were transmitted to the U.S. Court of Appeals. (tp) (Entered: 05/23/2022) |
| 05/30/2022 | 109 | FIRST CORRECTED NOTICE OF APPEAL re: 108 Notice of Appeal, 103 Clerk's Judgment,,,, 81 Memorandum & Opinion, Add and Terminate Parties,,,,,,,,,,,,,,. Document filed by Natasha Anushri Anandaraja, Holly Atkinson, Mary Caliendo, Humale Khan..(Gleen, Laura) (Entered: 05/30/2022) |
| 05/31/2022 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 109 Corrected Notice of Appeal. (tp) (Entered: 05/31/2022) |
| 05/31/2022 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 109 Corrected Notice of Appeal, filed by Mary Caliendo, Natasha Anushri Anandaraja, Holly Atkinson, Humale Khan were transmitted to the U.S. Court of Appeals. (tp) (Entered: 05/31/2022) |
| 05/31/2022 | | Appeal Fee Paid electronically via Pay.gov: for 108 Notice of Appeal. Filing fee $ 505.00. Pay.gov receipt number ANYSDC-2618420 2, paid on 5/23/2022. (tp) (Entered: 05/31/2022) |

| PACER Service Center |
|---|
| **Transaction Receipt** |

| 06/06/2022 05:17:46 | | | |
|---|---|---|---|
| **PACER Login:** | mcallisterolivarius | **Client Code:** | Beddoe |
| **Description:** | Docket Report | **Search Criteria:** | 1:19-cv-03779-VSB-JW |
| **Billable Pages:** | 18 | **Cost:** | 1.80 |

# Exhibit

# D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                  :

DR. HOLLY ATKINSON et al.,         :

                                  :

                   Plaintiffs,   :

                                  :               19-CV-3779 (VSB)

          - against -       :

                                  :            **OPINION & ORDER**

                                  :

DR. PRABHJOT SINGH et al.,     :

                                  :

                   Defendants.  :

                                  :
-------------------------------------------------------X

Appearances:

Paul Peter Hughes
John F.O McAllister
McAllister Olivarius
Maidenhead, United Kingdom
Saratoga Springs, New York
*Counsel for Plaintiffs*

Bettina Barasch Plevan
Edna Doris Guerrasio
Joseph Baumgarten
Proskaeur Rose LLP
New York, New York
*Counsel for Defendants Mount Sinai Health System, Inc., Prabhjot Singh, Dennis S. Charney, and Bruno Silva*

Mark S. Mancher
William Kang
Jackson Lewis P.C.
Melville, New York
*Counsel for Defendant David Berman*

VERNON S. BRODERICK, United States District Judge:

Plaintiffs, eight current and former employees of the Arnhold Institute for Global Health ("AIGH"), which is part of Defendant Mount Sinai Health System, Inc.'s ("Sinai") Icahn School of Medicine, assert twenty-five causes of action under various federal and state laws, related primarily to various forms of gender, race, religious, and national origin discrimination against Sinai and the individuals named as Defendants, who are or were either colleagues or superiors of Plaintiffs at AIGH and Sinai. Currently pending before me are (1) a partial motion to dismiss certain claims in Plaintiffs' First Amended Complaint and Demand for Jury Trial, (Doc. 30 ("First Amended Complaint" or "FAC")); (2) a motion to dismiss all of Plaintiffs' causes of action pled against Defendant David Berman; (3) a motion to strike the FAC; and (4) Plaintiffs' motion for leave to file Plaintiffs' proposed Second Amended Complaint and Demand for Jury Trial, (Doc. 67-1 ("Second Amended Complaint" or "SAC")), which would, among other things, join Ann Marie Beddoe as the ninth plaintiff. For the reasons that follow, the partial motion to dismiss is GRANTED IN PART and DENIED IN PART, Defendant Berman's motion to dismiss is GRANTED, the motion to strike is DENIED, and the motion for leave to file the Second Amended Complaint is DENIED.

## I.  **Factual Background**[1]

Because many portions of the pleadings are not relevant to Plaintiffs' claims of discrimination and to my resolving the pending motions, I will only give a general overview of the facts and the parties in this section of the Opinion & Order. In the course of my discussion of how the law applies to the facts of this case, *infra* Pt. IV.A, I recount the facts necessary to

---

[1] The facts contained in this section are based upon the factual allegations set forth in Plaintiff's FAC and SAC. I assume the allegations in those documents to be true in considering the motions to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). My reference to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

1

render decisions on the pending motions.

"Plaintiffs are former and current employees of" AIGH, (FAC ¶ 2; *see also* SAC ¶ 2 (same)),[2] a "global health center" that was founded "to train, mentor, and equip U.S. medical students to pursue careers in global health, and to increase local health care capacity in medically under-resourced areas around the world," (FAC ¶¶ 38, 41). In April of 2013, Mount Sinai Global Health was renamed AIGH in recognition of a large donation Sinai had received. (*Id.* ¶¶ 48–49.) This donation allowed Sinai to expand AIGH, and, in February 2015, Defendant Dennis Charney ("Charney"), Dean of Mount Sinai and President of Academic Affairs, after considering various candidates, hired Prabhjot Singh ("Singh") to lead the newly-expanded AIGH as its Director. (*See id.* ¶¶ 51, 67, 112, 114.) Singh was chosen for this position when he was 32 years old and "still completing his residency at Mount Sinai." (*Id.* ¶ 4.) Singh was not qualified to serve as AIGH's director, especially when compared to the other candidates who were considered for the position. (*See, e.g.*, *id.* ¶¶ 59, 76.)

Broadly speaking, Singh and other Defendants allegedly discriminated against Plaintiffs on the basis of gender, age, race, religion, and national origin. (*See, e.g.*, *id.* ¶¶ 1, 138–42, 424.) "Charney knew of and approved of Singh's plan to rid AIGH of all the old staff and replace them with young graduates," and that, because Singh was prevented by "Mount Sinai's HR policies . . . from firing employees at will," he instead sought "to get rid of the 'legacy staff'" by "mak[ing] them leave 'voluntarily.'" (*Id.* ¶ 142.) Plaintiffs' allegations describe what appear to be uncoordinated acts taken by Defendants, including Singh, rather than actions taken in furtherance of some central plan or policy. (*See generally, e.g.*, *id.* ¶¶ 176–90, 207–27, 244–273, 274–96,

---

[2] "FAC" and "First Amended Complaint" refer to Plaintiffs' First Amended Complaint and Demand for Jury Trial. (Doc. 30.) "SAC" and Second Amended Complaint" refer to Plaintiffs' Proposed Second Amended Complaint and Demand for Jury Trial. (Doc. 67-1.)

2

303–27, 331–37, 343–54, 357–75, 378–80, 388–430, 461–64; *see also, e.g., id.* ¶¶ 484 ("Singh's pattern of insulting and ignoring Atkinson made her feel inadequate and incompetent."); 497 ("Singh's need to diminish others, especially the women who worked for him, meant Safo effectively lost two years of productive work"); 506 ("Prior to joining AIGH, Llames felt confident in her professional abilities, but Singh's campaign of treating her as if she were invisible undermined her confidence.  Her self-esteem plummeted, and she cried at least twice a week due to Singh's treatment.").)  Charney engendered a discriminatory "culture" at Sinai, and that this culture "allowed Singh to thrive."  (*See id.* ¶ 12.)  Singh "created" a "culture" that "enabled imitators."  (*Id.* ¶ 7).  For example, "Singh did nothing to curb" Defendant Bruno Silva ("Silva"), an employee of Mount Sinai, who "regularly called women 'bitches' and 'cunts' . . . and made constant disparaging remarks about their appearance."  (*Id.* ¶ 8.)

## II.    **Procedural History**

Plaintiffs commenced this action on April 26, 2019 by filing a 174-page complaint asserting twenty-five causes of action.  (Doc. 1.)  Plaintiffs filed the 190-page FAC on August 6, 2019.  (Doc. 30.)  On September 5, 2019, Defendants Sinai, Singh, Charney, and Silva (collectively, the "Sinai Defendants"), filed a partial motion to dismiss the FAC, (Doc. 38), as well as a motion to strike the FAC, (Doc. 36.)  On that same day, Defendant David Berman ("Berman") filed a motion to dismiss every claim asserted against him.  (Doc. 33.)  After receiving an extension of time, (Doc. 45), and my permission to file excess pages, (Doc. 48), on October 17, 2019, Plaintiffs filed a combined brief in opposition to both motions to dismiss, (Doc. 53), and their opposition to the motion to strike, (Doc. 52).  Defendants filed reply briefs in support of the motions to dismiss and to strike on November 20, 2019, (Doc. 57), and on November 21, 2019, (Docs. 58–59).

3

While the motions to dismiss and to strike were still pending, on September 21, 2020, Plaintiffs filed a motion for leave to file the proposed SAC. (Doc. 65.) After receiving an extension of time, (Doc. 71), on October 19, 2020, Defendants filed briefs opposing Plaintiffs' requested leave. (Docs. 72–73.) Plaintiffs filed a reply brief in support of the motion for leave on November 2, 2020. (Doc. 76.)

### III. Legal Standard

#### A. *Rule 12(b)(6)*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Although all allegations contained in the complaint are assumed to be

4

true, this tenet is "inapplicable to legal conclusions." *Id.*

A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

### B. *Rule 15(a)*

Rule 15(a) provides that leave to amend a pleading should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend, however, need not be granted where doing so would be futile. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018) ("It is well established that leave to amend a complaint need not be granted when amendment would be futile." (citation omitted)); *Hunt v. Alliance N. Am. Gov't Income Trust, Inc.*, 159 F. 3d 723, 728 (2d Cir. 1998) ("[I]t is proper to deny leave to replead where there is no merit in the proposed amendments or amendment would be futile."). "Amendment is futile if the proposed amended complaint could not survive a motion to dismiss." *Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (citing *Ricciuti v. New York City Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991)). The decision whether to grant leave to amend is within the sound discretion of the district court. *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995).

### C. *Rule 12(f)*

Rule 12(f) of the Federal Rules of Civil Procedure "provides courts a means to remove material from a pleading that it finds 'redundant, immaterial, impertinent, or scandalous.'" *Hirsch v. Complex Media, Inc.*, No. 18 Civ. 5488 (CM), 2018 WL 6985227, at *9 (S.D.N.Y. Dec. 10, 2018) (quoting Fed. R. Civ. P. 12(f)). "[M]otions to strike are generally disfavored and

5

will not be granted unless the matter asserted clearly has no bearing on the issue in dispute."

*Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 829 (S.D.N.Y. 2008)

(internal quotation marks omitted). "To prevail in such a motion, defendants must demonstrate

that (1) no evidence in support of the allegations would be admissible; (2) that the allegations

have no bearing on the issues in the case; and (3) that to permit the allegations to stand would

result in prejudice to the movant." *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y.

2001) (internal quotation marks omitted).

## IV.    Discussion

### A. *Defendants' Motions to Dismiss and Opposition to Leave to Amend*

The Sinai Defendants move to dismiss the First, Second, Third, Fourth, Seventh, Eighth,

Thirteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-First, and Twenty-Second

Causes of Action of the FAC. (Sinai MTD 1).[3] They also oppose the filing of the SAC on the

grounds that it fails to cure defects in certain causes of action in the FAC that are otherwise time-

barred; that two newly-pleaded causes of action fail to state claims and would be futile under

Rule 12(b)(6); and that the SAC's proposed new plaintiff, Ann Marie Beddoe ("Beddoe"),

cannot be properly joined in this action under Federal Rule of Civil Procedure 20. (*See generally*

Sinai Leave Opp. 2, 5–9, 19–22.)[4] Separately, Defendant Berman moves to dismiss the Fifth,

Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action of the FAC as pleaded against him,

(Berman MTD 1),[5] which are the only causes of action against him, (*see generally* FAC), and he

---

[3] "Sinai MTD" refers to the Sinai Defendants' Memorandum of Law in Support of Their Partial Motion to Dismiss. (Doc. 39.)

[4] "Sinai Leave Opp." refers to the Sinai Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Amend. (Doc. 73.)

[5] "Berman MTD" refers to Defendant Berman's Memorandum of Law in Support of His Motion to Dismiss. (Doc. 35.)

opposes leave to file the SAC on the grounds that it offers no new facts that "have anything to do with the claims asserted against him by the three [P]laintiffs" who assert claims against him, (Berman Leave Opp. 2).[6]

Because, as explained *supra*, a motion for leave should be denied if the proposed amended pleadings would not survive a motion to dismiss, I analyze the motions to dismiss together with the motion for leave.  I begin by discussing a threshold issue:  the scope of my subject matter jurisdiction over Plaintiffs' claims.  I next turn to the arguments concerning each Plaintiff whose claims are challenged by the motions to dismiss and by Defendants' opposition to the motion for leave to amend.

### 1. Summary of Findings Related to Subject Matter Jurisdiction Over Plaintiffs' Claims

In both the FAC and the proposed SAC, Plaintiffs assert federal discrimination claims under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §§ 1681–88, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634, as well as a claim under 29 U.S.C. § 206(d) for gender-based discrimination in pay.  Plaintiffs also assert state law claims under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290–301, the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. § 8-107, a claim for unequal pay under the New York Labor Law § 194, and a claim for breach of contract. My subject matter jurisdiction over Plaintiffs' non-federal claims is premised on supplemental jurisdiction under 28 U.S.C. § 1367(a).  (*See* FAC ¶ 31; SAC ¶ 32 (same).)  Although Plaintiffs have styled the FAC with 25 "cause of action" headings (and with 27 such headings in the SAC),

---

[6] "Berman Leave Opp." refers to Defendant Berman's Memorandum of Law in Opposition to Plaintiffs' Motion to Amend.  (Doc. 72.)

almost every one of these headings is used to assert four analytically-similar, yet legally-distinct causes of action that arise out of the same facts—one arises under Title IX, one arises under Title VII, and two arise under state law. (*See, e.g.*, FAC 140 & ¶¶ 517–533 (pleading as the "First Cause of Action" Plaintiff Atkinson's claim for "unlawful sex discrimination" under "Title IX, Title VII, NYSHRL, and NYCHRL").)

> A district court has
>
> supplemental jurisdiction over all claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). "For purposes of section 1367(a), claims 'form part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'" *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 308 (2d Cir. 2004)). This will be true, for example, where both a plaintiff's state and federal labor law claims "arise out of the same compensation policies and practices," *id.*, or where an individual plaintiff's "state discrimination claim arises out of approximately the same set of events as his federal retaliation claim," *Treglia v. Town of Manlius*, 313 F.3d 713, 723 (2d Cir. 2002). However, "the mere fact" of "a common employer/employee relationship between the parties d[oes] not establish supplemental jurisdiction[] without evidence of some further factual connection between the claims." *Guerra v. Trece Corp.*, No. 18 CIV. 625 (ER), 2020 WL 7028955, at *6 (S.D.N.Y. Nov. 30, 2020) (citing *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 468 (S.D.N.Y. 2008)).

Where a plaintiff asserts sufficient federal discrimination claims, related state law discrimination claims fall within a district court's supplemental jurisdiction. *See Treglia*, 313 F.3d at 723 ("Supplemental jurisdiction in this case is proper because Treglia's state

8

discrimination claim arises out of approximately the same set of events as his federal retaliation claim."). By contrast, "[c]ourts in this District routinely decline to exercise supplemental jurisdiction over a plaintiff's state law claims, including NYCHRL claims and common law torts, after dismissing all federal claims" of discrimination that a plaintiff asserts. *See Braunstein v. Sahara Plaza, LLC*, 16-CV-8879 (VSB), 2021 WL 2650369, at *19 (S.D.N.Y. June 28, 2021) (collecting cases).

With these principles in mind, and given that the parties' briefings on the pending motions analyze each individual Plaintiff's claims on a Plaintiff-by-Plaintiff basis, I find it appropriate to take supplemental jurisdiction over a particular Plaintiff's non-federal claims only where she or he sufficiently pleads a federal claim.

### 2. Plaintiffs Atkinson's and Anandaraja's Claims[7]

The Sinai Defendants argue that all the claims asserted by Plaintiff Dr. Holly Atkinson ("Atkinson"), save for Atkinson's breach of contract claim (Twenty-Third Cause of Action), and all of the claims asserted by Plaintiff Dr. Natasha Anushri Anandaraja ("Anandaraja"), must be dismissed. (*See* Sinai MTD 1.) They argue that the First through Fourth and Seventeenth through Twentieth Causes of Action are time-barred, (*id.* at 1–2), and that the Twenty-Sixth Cause of Action of the SAC—a state law retaliation claim that Anandaraja asserts based on events that occurred after the filing of the initial complaint in this action, (*see* SAC ¶¶ 999–1009)—is not supported by sufficient factual allegations, (Sinai Leave Opp. 2.)

---

[7] This section relates to the First through Fourth, Seventeenth through Twentieth, and Twenty-Third Causes of Action of the FAC, the allegations from the SAC that support those claims, and to the proposed Twenty-Sixth Cause of Action in the SAC.

9

### a. Statute of Limitations

In Counts 1 through 4 and 17 through 20,[8] Atkinson and Anandaraja assert federal claims under Title IX, Title VII, and the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. §§ 621–634.  Discrimination claims under Title IX are subject to a three-year statute of limitations.  *Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004), *cert. denied*, 545 U.S. 1133 (2005).  Discrimination claims brought under either the ADEA or Title VII must be filed with the EEOC within 300 days of the alleged discriminatory act to be timely.  29 U.S.C. § 626(d)(1)(B); 42 U.S.C. § 12117(a).

Here, because Plaintiffs filed with the EEOC on April 26, 2019, (Docs. 40-1 & 40-2), the same day they filed their original complaint in this action, (*see* Doc. 1), Atkinson and Anandaraja's ADEA and Title VII claims will be untimely unless they are supported by at least one act that "occurred less than 300 days prior to" April 26, 2019.  *See Mercedes v. Dep't of Educ*, 16-CV-3284 (VSB), 2018 WL 4682015, at *7 (S.D.N.Y. Sept. 28, 2018), *aff'd sub nom. Mercedes v. N.Y.C. Dep't of Educ.*, 779 F. App'x 44 (2d Cir. 2019).  Similarly, their Title IX claims will be untimely unless they are supported by at least one act that occurred within the three-year period spanning April 26, 2016 to April 26, 2019.  *See Curto*, 392 F.3d at 504.

### i. *Continuing Violation Doctrine*

As their lead argument in support of the timeliness of Atkinson and Anandaraja's claims, Plaintiffs contend that Atkinson and Anandaraja were subjected to a "continuous practice of discrimination" during their employment at Sinai.  (MTD Opp. 4–5.)  In other words, they are arguing that the continuing violation doctrine applies to render Atkinson and Anandaraja's

---

[8] In this Opinion & Order, I use the capitalized terms "Count" and "Counts" interchangeably with capitalized terms "Cause of Action" and "Causes of Action" to refer to the claims asserted in Plaintiffs' FAC and SAC.

claims timely even if "certain aspects" of their allegations "occurred" outside the relevant time periods.  (*See id.* at 5 (collecting cases discussing "continuing discriminatory conduct" (citation omitted)).)

For a plaintiff to "qualify for" the "continuing violation doctrine," she "must allege that at least one of the discriminatory acts furthering [an] alleged policy of discrimination occurred within the limitations period."  *Isbell v. City of New York*, 316 F. Supp. 3d 571, 586–87 (S.D.N.Y. 2018) (Broderick, J.) (citing *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 574 (S.D.N.Y. 2011)).  In other words, "the plaintiff 'must allege both the existence of an ongoing policy of discrimination and some non-time-barred acts taken in furtherance of that policy.'"  *Volpe v. N.Y.C. Dep't of Educ.*, 195 F. Supp. 3d 582, 594 (S.D.N.Y. 2016) (quoting *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009)).  "Essentially, the continuing violation doctrine is only applicable when there is a specific policy or mechanism of discrimination being committed by a defendant[,] and multiple incidents of discrimination, *even similar ones*, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation."  *Kpaka v. CUNY*, No. 14-CV-6021 (RA), 2016 WL 4154891, at *5 (S.D.N.Y. Aug. 2, 2016) (internal quotation marks omitted), *aff'd*, 708 F. App'x 703 (2d Cir. 2017).  "The doctrine has generally been limited to situations where there are specific policies or mechanisms, such as discriminatory seniority lists or employment tests."  *Crosland v. City of New York*, 140 F. Supp. 2d 300, 307 (S.D.N.Y. 2001), *aff'd sub nom. Crosland v. Safir*, 54 F. App'x 504 (2d Cir. 2002).

Further, a plaintiff must clearly plead a continuing violation both in her EEOC filing and in her complaint in order to invoke the doctrine and overcome what would otherwise be a time bar.  *Fitzgerald v. Henderson*, 251 F.3d 345, 360 (2d Cir. 2001) ("[A] plaintiff may not rely on a continuing violation theory of timeliness unless she has asserted that theory in the administrative

11

proceedings."); *Carmellino v. Dist. 20 of N.Y.C. Dep't of Educ.*, No. 03 Civ. 5942 (PKC), 2004 WL 736988, at *13 (S.D.N.Y. Apr. 6, 2004) ("continuing violation must be 'clearly asserted both in the EEOC filing and in the complaint.'" (quoting *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 25 (2d Cir. 1985))). "[A] continuing violation may not be based on an employee's having suffered from the effects of an earlier discriminatory act." *Miller*, 755 F.2d at 25; *cf., e.g.*, *Carmellino*, 2004 WL 736988, at *13 ("The cover sheet of Magaldi's EEOC charge requested that she indicate whether the defendants' alleged discrimination was of a continuing nature. She made no such indication. Reviewing Magaldi's EEOC charge in the light most favorable to her, I conclude that it does not allege a continuing violation."); *Simmons v. AT&T Corp.*, 182 F.3d 901 (2d Cir. 1999) (table opinion) (affirming dismissal of Title VII claims as time-barred because plaintiff "failed to assert a continuing violation theory in her EEOC filings or in her complaint, both of which mention the harassment only tangentially. This omission is fatal to her appeal"); *Godfrey v. Ethan Allen, Inc.*, 113 F.3d 1229 (2d Cir. 1997) (table opinion) ("Clarke cannot rely on a continuing violation theory because he did not assert such a theory in his EEOC filing").

Here, Plaintiffs' allegations "are insufficient to establish a discriminatory policy necessary for the continuing violation doctrine to apply." *Kpaka*, 2016 WL 4154891, at *5. Rather, and despite the inclusion of phrases like "troubling pattern of disparate treatment of women" in their pleadings, (*e.g.*, FAC ¶ 251), Plaintiffs plead what amount to "merely several discrete acts." *Fierro v. N.Y.C. Dep't of Educ.*, 994 F. Supp. 2d 581, 587 (S.D.N.Y. 2014) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–15 (2002)), *abrogated on other grounds*, *Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 100 n.7 (2d Cir. 2020). For example, Atkinson alleges she was strongarmed into agreeing to work full-time, rather than part-

12

time, for the same salary she had been paid while working part-time, (FAC ¶¶ 180–81), and Atkinson and Anandaraja both allege that Singh "demeaned" them on various occasions, (*see id.* ¶¶ 184 ("Singh downplayed the[] importance" of work Atkinson did and "claim[ed] she took way too long to prepare" her work), 208 ("Singh regularly denigrated Anandaraja's work with harsh and cutting critiques.").).

Moreover, neither Atkinson nor Anandaraja's EEOC charges are premised on "a continuing violation theory," which prevents them from "rely[ing] on" a continuing violation theory at the motion to dismiss phase. *Fitzgerald*, 251 F.3d at 360. Both Atkinson and Anandaraja's EEOC filings leave the "Continuing Action" box unchecked. (Doc. 40-1; Doc. 40-2.) In addition, Plaintiffs do not make any argument or point to any allegations showing how Atkinson or Anandaraja might have otherwise "asserted" a "continuing violation theory of timeliness" as part of their underlying "administrative proceedings" with the EEOC. *Fitzgerald*, 251 F.3d at 360. They thus cannot rely on a continuing violation theory in their proceedings before me.

ii. *Timely Acts Supporting Discrimination Claims*

Separately, and regardless of whether Plaintiffs allege a continuing violation or an identifiable policy or practice of discrimination, Plaintiffs have not alleged any "non-time-barred acts taken" against Atkinson or Anandaraja that can support their Title IX, ADEA, or Title VII claims. *Cf. Shomo*, 579 F.3d at 181. They say Atkinson continued in a role to which she was "unfairly demoted" through her final day of employment on April 29, 2016, (MTD Opp. 4), but it is the demotion itself that would have constituted the adverse employment action giving rise to a claim, not Atkinson's continuing to work for AIGH in the demoted position. *See Volpe*, 195 F. Supp. 3d at 597 (explaining that legally-cognizable adverse action has "accompanying adverse

13

result[s] such as demotion, diminution of wages, or other tangible losses" (citing, inter alia, *Treglia*, 313 F.3d at 720)). Similarly, Plaintiffs do not point to any timely, relevant acts with respect to Anandaraja.[9] They plead that Anandaraja was "effectively demot[ed]" in the second half of 2015, (*see* FAC ¶¶ 217–18), which predates the relevant time period. They also plead that, after Anandaraja left Sinai in June of 2016, she "learned that Singh had told at least two of her colleagues . . . that she had not performed adequately and had actively undermined their work," which "undermined friendships built over many years and caused a significant rift between Anandaraja and Murphy, a close mentor." (FAC ¶ 228.) Plaintiffs do not explain how this post-employment slight could give rise to or bolster an employment discrimination claim.

The SAC does not provide new allegations that render Atkinson and Anandaraja's claims timely. With respect to Anandaraja, Plaintiffs offer no new facts in the SAC as to timeliness. Instead, their briefing in support of leave to amend rehashes the same arguments as to why Anandaraja's claims are timely. (*Compare* Leave Reply 2[10] *with* MTD Opp. 4.)

With respect to Atkinson, Plaintiffs plead she received her "final paycheck from AIGH, still reduced [due to] Singh's direction, . . . on May 6, 2016." (SAC ¶ 211.) They use this to argue that Atkinson's claims are timely under the Lilly Ledbetter Fair Pay Act. (Leave Reply 3.) Under the Ledbetter Act, "a new Title VII claim arises each time that a plaintiff receives a

---

[9] Plaintiffs say that Singh "continued his discriminatory treatment" of Anandaraja after she gave notice of her resignation in January of 2016, (MTD Opp. 4), but the allegations from the FAC they cite in support of this position cannot sustain a federal discrimination claim. In the relevant paragraphs, Plaintiffs allege that Anandaraja "attended a meeting" in which she was "barely" allowed to "speak," (FAC ¶ 223), and that Singh "did not let up on his bullying" by "demand[ing] that she train replacement staff" while "disinvit[ing] her from meetings she needed to" attend to "do so," as well as by refusing to "speak[] to" her about and "ignor[ing] her requests for meetings necessary to an efficient transition," (*id.* ¶ 224). As pleaded in these paragraphs, Singh's behavior is "obnoxious and sophomoric," but nothing connects his behavior to Anandaraja's "gender" or any other protected characteristic, and as such, these paragraphs do "not support a claim of discrimina[tion]." *See Kamrowski v. Morrison Mgmt. Specialist*, No. 05–CV–9234 (KMK), 2010 WL 3932354, at *15 (S.D.N.Y. Sept. 29, 2010) (citing *Petrosino v. Bell Atl.*, 385 F.3d 210, 223 (2d Cir. 2004)).

[10] "Leave Reply" refers to Plaintiffs' Combined Memorandum of Law in Reply to Defendants' Oppositions to Plaintiffs' Motion for Leave to File the Second Amended Complaint. (Doc. 76.)

14

paycheck pursuant to 'a discriminatory compensation decision or other practice.'" *Wynn v. Union Loc. 237, I.B.T.*, 797 F. App'x 13, 16 (2d Cir. 2019) (quoting 42 U.S.C. § 2000e-5(e)(3)(A)). However, the Ledbetter Act's accrual rule only applies if "the compensation itself was set in a discriminatory manner," not to a situation where a person was demoted in a discriminatory manner and then received lower pay pursuant to an otherwise-nondiscriminatory system of pay. *Davis v. Bombardier Transp. Holdings (USA) Inc.*, 794 F.3d 266, 269 (2d Cir. 2015) ("A plaintiff must plead and prove the elements of a pay-discrimination claim to benefit from the Ledbetter Act's accrual provisions."). In *Davis*, the Second Circuit held that a plaintiff could not "salvage her time-barred demotion claim by virtue of a concomitant pay reduction . . . because her claim [wa]s based on the theory that she was demoted and paid less," but, critically, her pay in her new position "was the same as all other . . . employees" with her same classification. *Id.* at 271 & n.3. The Second Circuit contrasted this result with a situation where a "victim" of "[p]ay discrimination" does not know that her pay is discriminatory until she receives her paycheck and "compare[s]" it "to that of h[er] co-workers." *See id.* at 270.

Here, the Ledbetter Act's accrual rule does not render Atkinson's claims timely, because she pleads that her May 6, 2016 paycheck was the result of "a pay reduction that flows from another adverse employment action," not a paycheck she received in circumstances giving rise to a "traditional pay-discrimination claim[]." *Id.* at 271; *Wynn*, 797 F. App'x at 16 ("Plaintiffs cannot benefit from the Ledbetter Act, which" . . . "was directed 'to a very specific type of claim: that the employer is paying different wages or providing different benefits to similarly situated employees.'" (internal quotation marks omitted) (quoting *Poullard v. McDonald*, 829 F.3d 844, 853 (7th Cir. 2016))). Specifically, Atkinson pleads that Singh "wanted her to leave," and thus gave her the ultimatum that she could only "still have a job at AIGH" if "she immediately agreed

15

to work full-time rather than her current part-time (*i.e.*, 0.6 FTE) basis, but for no additional money," which "in effect amounted to an immediate 40% reduction in Atkinson's salary." (SAC ¶ 201.) There are no allegations to the effect that "similarly situated persons outside" Atkinson's protected class "received higher wages." *Davis*, 794 F.3d at 271 (quoting *MacPherson v. Univ. of Montevallo*, 922 F.2d 766, 774 (11th Cir. 1991)). Accordingly, the SAC does not save Atkinson's time-barred claims.

### iii. *Equitable Estoppel*

Plaintiffs also argue that Atkinson and Anandaraja's claims should be found timely under the doctrine of equitable estoppel. (MTD Opp. 6.) In essence, this doctrine allows a court to set aside a statute of limitations when a defendant tricks a plaintiff into delaying her filing of a claim until it is no longer timely. "To invoke equitable estoppel, a plaintiff must show that: (1) the defendant made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it; and (2) the plaintiff reasonably relied on that misrepresentation to his detriment." *Buttry v. Gen. Signal Corp.*, 68 F.3d 1488, 1493 (2d Cir. 1995). Moreover, "to invoke a defendant's misconduct as a basis for equitable tolling or estoppel, 'a plaintiff must show that he brought his action within a reasonable time after the facts giving rise to the estoppel have ceased to be operational.'" *Rubert v. King*, No. 19-CV-2781 (KMK), 2020 WL 5751513, at *5 (S.D.N.Y. Sept. 25, 2020) (quoting *Buttry*, 68 F.3d at 1494); *Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011) (explaining that a statute of limitations is suspended only "for the duration of the extraordinary circumstances supporting tolling," after which the statute of limitations continues to run).

Plaintiffs plead no facts to support the use of the equitable estoppel doctrine to defeat Defendants' statute of limitations defense. First, there are no allegations of a "definite

16

misrepresentation of fact" that Defendants gave to Plaintiffs in order to make Plaintiffs' claims untimely. *Cf. Buttry*, 68 F.3d at 1493. Rather, Plaintiffs argue that Sinai's Human Resources department "induced" them to delay filing by telling Atkinson and Anandaraja that it was taking their "complaints seriously and would properly and thoroughly investigate," (*see* MTD Opp. 6 (citations omitted)), but they plead no facts suggesting these representations were untrue. Second, Plaintiffs plead facts that belie the notion that they reasonably thought that Sinai's internal investigation would result in a positive outcome from their perspective, such as Singh's ouster, because they allege that they were told that "the final outcome of any investigation would depend on what Mount Sinai stood to gain or lose as an institution, and [Defendant] Charney would be the one to decide." (FAC ¶ 433; SAC ¶ 485 (same).) Thus, Plaintiffs were on notice that Charney, who they allege was Singh's constant champion and defender at AIGH, (*see, e.g.*, SAC ¶¶ 126 (discussing "Charney's infatuation with Singh"), 162 ("Charney knew and approved of Singh's plan to rid AIGH of all the old staff and replace them with young graduates.")), would control the result of the investigation. There are no allegations that reconcile Plaintiffs' inducement claims with the fact that Charney would be the ultimate decisionmaker of the investigation.

### b. Conclusion as to Atkinson and Anandaraja

I hold that Atkinson and Anandaraja's federal claims are time-barred. Therefore, I do not take supplemental jurisdiction over their state law claims, including Atkinson's breach of contract claim at Count 23 of the FAC and Anandaraja's retaliation claim under the NYCHRL at Count 26 of the SAC. Accordingly, Atkinson and Anandaraja's claims are DISMISSED.

17

### 3. Plaintiff Khan's Claims[11]

Plaintiff Humale Khan ("Khan") alleges claims for hostile work environment and retaliation under Title VII, the NYSHRL, and the NYCHRL. The Sinai Defendants argue that Khan's hostile work environment claim fails because the pleadings do not establish "a severe or pervasive work environment or . . . that Khan was treated less well because of a protected characteristic," or that the pleadings show a causal connection between Khan's alleged retaliation and any "protected activity" in which he engaged. (*See* Sinai MTD 15.)

### a. Khan's Hostile Work Environment Claim[12]

Title VII of the 1964 Civil Rights Act makes it unlawful for any employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). This provision provides causes of action for both discrimination and hostile work environment. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). "It is axiomatic that the plaintiff . . . must show that the hostile conduct occurred because of a protected characteristic." *Alfano v. Costello,* 294 F.3d 365, 374 (2d Cir. 2002). As such, at the motion to dismiss stage, a plaintiff must plead facts showing that "the workplace is permeated with discriminatory intimidation, ridicule, [or] insult[s]." *Littlejohn v. City of New York*, 795 F.3d 297, 320 (2d Cir. 2015).

A hostile work environment claim requires a plaintiff to show, among other things, conduct that is "severe or pervasive enough to create an objectively hostile or abusive work environment." *Feingold v. New York*, 366 F.3d 138, 150 (2d Cir. 2004) (quoting *Alfano*, 294

---

[11] This section relates to the Twenty-First and Twenty-Second Causes of Action in the FAC, as well as to the allegations from the SAC that support those claims.

[12] Khan's hostile work environment claim is the Twenty-First Cause of Action.

18

F.3d at 373); *see also Mormol v. Costco Wholesale Corp.*, 364 F.3d 54, 59 (2d Cir. 2004) (conduct giving rise to a hostile work environment must have been enough to have "interfered with [the plaintiff's] ability to do her job."). "As a general rule, incidents must be more than 'episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.'" *Alfano*, 294 F.3d at 374 (quoting *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997)). With that said, a "single incident" can establish a hostile work environment if it is "extraordinarily severe," such as if the incident "can and does work a transformation of the plaintiff's workplace." *Id.* (citations omitted); *see, e.g.*, *Richardson v. New York State Dep't of Corr. Serv.*, 180 F.3d 426, 437 (2d Cir. 1999) ("even a single incident of sexual assault sufficiently alters the conditions of the victim's employment and clearly creates an abusive work environment" (citation omitted)); *Howley v. Town of Stratford*, 217 F.3d 141, 154 (2d Cir. 2000) ("Although Holdsworth made his obscene comments only on one occasion, the evidence is that he did so at length, loudly, and in a large group in which Howley was the only female and many of the men were her subordinates. And his verbal assault included charges that Howley had gained her office of lieutenant only by performing fellatio.").

Importantly, because Title VII only covers "discriminat[ory]" behavior, *see* § 2000e-2(a)(1), a hostile work environment claim is not sufficiently pled unless the alleged hostility that changes the conditions of a plaintiff's job is the result of discrimination based on a characteristic protected by applicable law. *See Fleming v. MaxMara USA, Inc.*, 371 F. App'x 115, 119 (2d Cir. 2010) (concluding that no hostile work environment existed even though "defendants wrongly excluded [the plaintiff] from meetings, excessively criticized her work, refused to answer work-related questions, arbitrarily imposed duties outside of her responsibilities, threw books, and sent rude emails to her"); *Davis–Molinia v. Port Auth. of N.Y. & N.J.*, No. 08 CV

19

7586(GBD), 2011 WL 4000997, at *11–12 (S.D.N.Y., Aug. 19, 2011) (finding that conduct including "diminished [job] responsibilities," "exclu[sion] from staff meetings," deliberate "avoid[ance]," and "yell[ing] and talk[ing] down," was non-actionable because nothing showed that "the conduct targeted [plaintiff's] membership in a protected class"), *aff'd*, 488 F. App'x 530 (2d Cir. 2012).

Here, Plaintiffs do not plead facts tending to show that Khan was made to suffer "sufficiently continuous" discriminatory acts or any "single incident" that worked to transform Khan's workplace. The Second Circuit has held that even repeated rude and nasty behavior does not amount to a hostile work environment.[13] In the FAC, Plaintiffs allege three incidents in which Silva, Khan's coworker,[14] said of Khan, who is Pakistani and a Muslim, that "[Khan] says he's out praying, but he's probably out interviewing," and "'it smells like curry' in Khan's office," as well as "it smells like shit in here," also seemingly in regard to Khan's office. (FAC ¶ 424.) In the SAC, Plaintiffs allege that Silva "made derogatory comments about Eid, a Muslim tradition that involves . . . humanely slaughter[ing] a goat" to Khan, calling Khan's family "'backwards' and 'weird'" for their participation in Eid. (SAC ¶ 476.) Although Silva's

---

[13] *Cf. Littlejohn*, 795 F.3d at 321 (holding "allegations could not support a finding of hostile work environment" where allegations included "negative statements about [plaintiff] Littlejohn to Mattingly; Baker was impatient and used harsh tones with Littlejohn; Baker distanced herself from Littlejohn when she was nearby; Baker declined to meet with Littlejohn; Baker required Littlejohn to recreate reasonable accommodation logs; Baker replaced Littlejohn at meetings; Baker wrongfully reprimanded Littlejohn; and Baker increased Littlejohn's reporting schedule. Baker also sarcastically told Littlejohn 'you feel like you are being left out,' and that Littlejohn did not 'understand the culture' at [the workplace].").

[14] For the federal claims, "[a] plaintiff who has suffered a hostile work environment at the hands of a co-worker must show that 'there is a specific basis for imputing the conduct creating the hostile work environment to the employer' before the employer can be held liable." *Paul v. Postgraduate Ctr. for Mental Health*, 97 F. Supp. 3d 141, 174–75 (E.D.N.Y. 2015) (quoting *Summa v. Hofstra Univ.*, 708 F.3d 115, 124 (2d Cir. 2013)). By contrast, "the NYSHRL and NYCHRL permit suits against individual supervisors." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 157 (2d Cir. 2017) (citing *Feingold*, 366 F.3d at 157–59). Plaintiffs do not allege facts suggesting that Silva's conduct can be imputed to Sinai, which provides a separate basis for dismissing both of Khan's claims.

20

comments are plausibly targeted to Khan's religion and national origin,[15] Plaintiffs plead no facts

suggesting that Silva's comments "interfered with [Khan's] ability to do [his] job." *Cf. Mormol*,

364 F.3d at 59.[16] Indeed, the only thing Plaintiffs say about how Silva may have interfered with

Khan's work is the vague allegation that Khan "told" someone that "even when he tried to work

around Silva, [Silva] would insert himself to sabotage Khan's project." (SAC ¶ 482; *see also*

FAC ¶ 430 (alleging that Khan told Singh that "Silva was delaying his contributions to Khan's

projects so as to derail them.").) This and similar allegations are too nebulous to pass muster

under Rule 8. *See Kassner*, 496 F.3d at 240 (allegation that "defendants 'pressured plaintiffs to

retire from employment'" was "so vague that it fails to provide defendant with fair notice" of a

"hostile work environment claim."). Moreover, Plaintiffs allege no facts suggesting that Silva's

acts of "sabotage" were caused in any way by a "protected characteristic" Khan possesses, *see*

*Alvarado v. Nordstrom, Inc.*, 685 F. App'x 4, 6 (2d Cir. 2017), much less that the sabotage was

so "severe" that it effected "a transformation of [Khan's] workplace," *Alfano*, 294 F.3d at 374.

### b. Khan's Retaliation Claim[17]

To plead a retaliation claim under Title IX or Title VII, "the plaintiff must plausibly

---

[15] With regard to the comments from the FAC, the Sinai Defendants argue otherwise, saying that "none of" Silva's comments directly "refer to Khan's race or national origin." (*See* Sinai MTD 16.) This does not preclude a finding of discrimination: the law "recognizes dog-whistle" discrimination, i.e., discrimination where a speaker "use[s] . . . [f]acially non-discriminatory terms" to "invoke racist concepts that are already planted in the public consciousness, such as 'welfare queen,' 'terrorist,' 'thug,' and 'illegal alien.'" *See, e.g.*, *Mondesir v. N. Shore LIJ Health Sys.*, 14-cv-6496 (JGK), 2016 WL 6952254, at *3 (S.D.N.Y. Nov. 28, 2016) (internal quotation marks omitted). The Sinai Defendants cite a case where a defendant was alleged to have engaged in religious discrimination by, among other things, having "made a comment regarding the smell of cooked fish" in regard to a Muslim man, but the plaintiff did not "provide[] any detail as to how the comment relates to religious discrimination." *Shaw v. McDonald*, 14 cv 5856 (NSR), 2015 WL 8484570, at *4 (S.D.N.Y. Dec. 8, 2015). Here, Plaintiffs persuasively explain that "Silva's snide comments" were "about the smell of . . . food" associated with Khan's culture and thus relate the comment to Khan's relevant protected characteristics. (MTD Opp. 16.)

[16] Plaintiffs do plead that Silva's comments "made Khan deeply self-conscious" and that Khan "started buying and applying multiple deodorants and chewing gum excessively," (FAC ¶ 424), but Plaintiffs never explain whether or how this affected Khan's job performance, nor do they make any reference to Khan's self-consciousness over his perceived body odor or breath in arguing that Khan has sufficiently stated his claims, (*see* MTD Opp. 15–17).

[17] Khan's retaliation claim is the Twenty-Second Cause of Action.

allege that:  (1) defendants discriminated—or took an adverse employment action—against him, (2) because he has opposed any unlawful employment practice."  *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015) (internal quotation marks omitted).  In other words, "a plaintiff must show '(1) she engaged in an activity protected by the [statute]; (2) the employer was aware of this activity; (3) the employer took an adverse employment action against her; and (4) a causal connection exists between the alleged adverse action and the protected activity,' that is, the employer acted with a retaliatory motive."  *Quadir v. N.Y. State Dep't of Labor*, 39 F. Supp. 3d 528, 542 (S.D.N.Y. 2014) (quoting *Caskey v. Cty. of Ontario*, 560 F. App'x 57, 58 (2d Cir. 2014) (summary order)).

"A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment.  An adverse employment action is one which is more disruptive than a mere inconvenience or an alteration of job responsibilities." *Joseph v. Leavitt*, 465 F.3d 87, 90 (2d Cir. 2006) (internal citations and quotation marks omitted).  "A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation."  *Shultz v. Congregation Shearith Israel*, 867 F.3d 298, 304 (2d Cir. 2017).

Plaintiffs do not allege that Khan suffered any adverse employment action.  Instead, they allege that after Singh told Khan that Khan's complaint about Silva would be kept "confidential," Silva "told Khan in a threatening tone" that he "and Sing were very close and talked about everything openly," and that "he would not want there to be any problems in the team."  (FAC ¶¶ 427–29.)  Plaintiffs say I should infer that this act was "intended to intimidate and threaten" Khan, (MTD Opp. 17), but they offer no explanation of how an act "intended" to

22

have an effect actually inflicts a "materially adverse change" within the meaning of applicable law, *Shultz*, 867 F.3d at 304; *cf. Alvarez*, 2021 WL 1424851, at *8 (materially adverse changes in support of retaliation claim included "den[ying] tenure"). Indeed, they plead that "Khan was not frightened or deterred." (FAC ¶ 430.) Nor do Plaintiffs argue that some "unique" circumstances at play in this case make Silva's intimations about breached confidentiality a materially adverse employment action for the purposes of this case. *Cf. Shultz*, 867 F.3d at 304.

### c. Conclusion as to Khan

Because I hold that Khan has not sufficiently pleaded his federal claims, I decline to exercise supplemental jurisdiction of Khan's state law claims. Thus, Khan's claims are DISMISSED.

### 4. Plaintiff Caliendo's Claims Against the Sinai Defendants[18]

Plaintiff Mary Caliendo ("Caliendo") alleges claims for disparate treatment and hostile work environment. The Sinai Defendants argue that both counts fail for, among other reasons, a lack of sufficient facts showing a connection between the alleged discrimination and a relevant protected characteristic. (*See* Sinai MTD 23–27.)

"Title VII . . . requires a plaintiff asserting a [disparate treatment] claim to allege two elements: (1) the employer discriminated against him (2) because of his race, color, religion, sex, or national origin." *Vega*, 801 F.3d at 8. The "first element" requires an employer to "tak[e] an adverse employment action against" the plaintiff. *Id.* In order to demonstrate disparate treatment "a plaintiff must show that he was 'similarly situated in all material respects' to the individuals to whom he seeks to compare himself." *Elgalad v. N.Y.C. Dep't of Educ.*, 17-CV-

---

[18] This section relates to the Seventh and Eighth Causes of Action of the FAC as pleaded against the Sinai Defendants.

23

4849 (VSB), 2018 WL 4572237, at *6 (S.D.N.Y. Sept. 24, 2018) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000)), *abrogated on other grounds by Agosto v. New York City Dep't of Educ.*, 982 F.3d 86, 100 & n.7 (2d Cir. 2020).

There are no pleaded facts suggesting that Caliendo was subjected to disparate treatment because of her gender. Plaintiffs allege that Defendants treated Caliendo far less well than is desirable in a professional setting, (*see, e.g.*, FAC ¶ 390 ("Berman ran up to Caliendo's office and started screaming at her about [a] delay at the top of his lungs.")), and generally aver that "women were second class citizens" in "the culture created by Charney and Singh," (FAC ¶ 383). However, Plaintiffs do not plead specific facts demonstrating how anyone similarly situated to Caliendo was treated better or differently on account of gender, which is the only protected characteristic alleged in support of Caliendo's discrimination claims.[19] This is fatal to Caliendo's disparate treatment claim.

Similarly, there are no pleaded facts suggesting that Caliendo experienced a hostile work environment "because of [the] protected characteristic" of her gender. *Cf. Alfano*, 294 F.3d at 374. Plaintiffs allege that Singh became capriciously "hostile" and "accused Caliendo of 'talking too much'" and "forbade her from talking to anyone else at" AIGH, which left her "withdrawn and unhappy" and prevented her from "develop[ing] working relationships with people around her." (FAC ¶ 380.) They also allege that Berman "scream[ed] at [Caliendo] at the top of his lungs," which left her "fear[ful] he would hit her" and led to her "crying profusely." (FAC ¶ 390.) As deplorable as these allegations are, nothing in the pleadings connects Defendants'

---

[19] Plaintiffs plead that that Singh "forbade [Caliendo] from talking to anyone else at the Institute," (FAC ¶ 380), and they contend that Singh never gave any similar instruction to "any male employee," (MTD Opp. 18). However, Plaintiffs plead no facts supporting this supposed gender disparity; they only make the argument in their briefing. I have independently reviewed the FAC and SAC and did not find any allegations tending to show that Defendants treated any male employees similarly situated to Caliendo any better than they treated Caliendo.

24

conduct to Caliendo's gender. Even if the pleadings concerning Caliendo could be construed as revealing that Defendants' conduct towards Caliendo stemmed from her gender, Plaintiffs fall short of pleading either "a steady barrage of opprobrious [gendered] comments," *Suarez v. New York City Dep't of Hum. Res. Admin.*, No. 09 CIV. 8417 WHP, 2011 WL 1405041, at *7 (S.D.N.Y. Mar. 24, 2011) (citation omitted), or a single act so "vile and sexually explicit" as to leave Caliendo feeling that doing her job would put her in "peril," *see Alfano*, 294 F.3d at 374.

Therefore, I hold that Caliendo has failed to plead her federal claims for disparate treatment or hostile work environment against the Sinai Defendants, and, as such, I will not take supplemental jurisdiction over her state law claims. Thus, Caliendo's claims in the Seventh and Eighth Causes of Action as pleaded against the Sinai Defendants are DISMISSED.[20]

### 5. Plaintiff Misiti's Retaliation Claims[21]

Plaintiff Amanda Misiti ("Misiti") asserts causes of action for disparate treatment, hostile work environment, and retaliation, (FAC ¶¶ 163–68), but the Sinai Defendants only move to dismiss her retaliation claim, (Sinai MTD 27–28). Misiti's retaliation claim is asserted under Title IX, Title VII, the NYSHRL, and the NYCHRL. (FAC ¶ 168.) Specifically, Plaintiffs allege that after Misiti "submitted an anonymous statement about her concerns with Singh," Singh retaliated by increas[ing] Misiti's workload without increasing her compensation while downgrading her job description." (*Id*. ¶¶ 739–40.) The Sinai Defendants argue that Misiti did not suffer an adverse employment action and that, in any event, the requisite causal connection cannot be inferred because the alleged increase in Misiti's workload occurred after a "five month

---

[20] As explained *infra* Pt. IV.A.4.b, this will result in my not having supplemental jurisdiction over Caliendo's remaining state law claims against Berman due to concessions Plaintiffs make in their briefing of those issues.

[21] This section relates to the Thirteenth Cause of Action of the FAC. Defendants do not move to dismiss Misiti's claims under the Eleventh or Twelfth Causes of Action. As such, she has surviving federal claims in this action, and I take supplemental jurisdiction over her retaliation claims under the NYSHRL and the NYCHRL. *See supra* Pt. IV.A.1.

gap." (Sinai MTD 27–28.)

As mentioned *supra*, a retaliation claim requires a plaintiff to plead that "a causal connection exists between the alleged adverse action and the protected activity," *Treglia*, 313 F.3d at 719, "that is, the employer acted with a retaliatory motive," *Quadir*, 39 F. Supp. 3d at 542 (citations omitted). To establish this causal connection on the basis of temporal proximity alone, the "adverse action" must be "very close" in time to the protected activity. *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (internal quotation marks omitted). Some courts have taken "[t]he passage of even two or three months [to be] sufficient to negate any inference of causation when no other basis to infer retaliation is alleged." *See, e.g.*, *Williams v. City of New York*, No. 11 Civ. 9679(CM), 2012 WL 3245448, at *11 (S.D.N.Y. Aug. 8, 2012); *see also Breeden*, 532 U.S. at 273–74 (citing with approval cases holding that three- and four-month gaps between protected activity and adverse action were insufficient to establish a causal connection). However, in the Second Circuit, there is no "bright line [that] define[s] the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship" sufficient for this element of the claim. *Summa v. Hofstra Univ.*, 708 F.3d at 128 (quoting *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009)). A court must look at the record before it to evaluate "the permissible inferences that can be drawn from temporal proximity in the context of particular cases." *Id.* ("In *Espinal*, we concluded that 'the passage of only six months between the dismissal of Espinal's lawsuit and an allegedly retaliatory beating by officers, one of whom . . . was a defendant in the prior lawsuit, [wa]s sufficient to support an inference of a causal connection.'" (alteration in original)). The same temporal analysis of causation is applicable to federal, NYSHRL, and NYCHRL retaliation claims. *See Mooney v. City of New York*, No. 18CV328(DLC), 2018 WL 4356733, at *8–9 (S.D.N.Y. Sept. 12, 2018).

26

Plaintiffs have failed to plead facts sufficient to show "a but-for caus[al]" connection between Misiti's increased workload and Singh's allegedly retaliatory motive. *Id.* at \*8 (quoting *Duplan v. City of New York*, 888 F.3d 612, 625 (2d Cir. 2018)). The sole basis for Misiti's retaliation claim is that her workload increased once Berman left AIGH, because she took on responsibilities that Berman had previously handled, and she did not receive an increase in pay. (*See* MTD Opp. 20–21.) Specifically, Plaintiffs plead that Berman left AIGH in "early July 2018," and that "[b]y November 2018," after Berman and "more AIGH employees left," Misiti had "many new responsibilities." (FAC ¶¶ 369, 373.) Here, similar to *Mooney*, Plaintiffs allege a five-month gap between Misiti's protected activity and the alleged retaliation, which "does not plausibly allege a causal connection," at least where, as here, Plaintiffs "allege[] no other linkage." *See* 2018 WL 4356733, at \*9.

Plaintiffs argue that "Misiti alleged that Singh's retaliation *culminated* five months after Misiti's [May] complaint about Singh[] but *began* in early July." (MTD Opp. 20 (internal quotation marks omitted).) This is not a fair reading of what Plaintiffs plead in the FAC—they allege that "Berman told Misiti that she would likely be given much of his work" upon his departure from AIGH, "without a pay increase or title change. He was right." (FAC ¶ 371.) However, Plaintiffs do not plead that any relevant adverse employment action befell Misiti until "November 2018," when her "role had expanded considerably." (*Id.* ¶ 373.)

Accordingly, I find that the time between Misiti's protected activity and the alleged retaliation claim is too protracted to infer causation; therefore, Misiti's retaliation claims under the Thirteen Cause of Action are DISMISSED.

27

### 6. Plaintiffs Safo's and Llames' Claims, and Plaintiff Caliendo's Claims Against Berman[22]

#### a. Constructive Discharge Allegations

The Sinai Defendants argue that certain parts of Plaintiffs' claims premised on "constructive discharge" should be dismissed. (Sinai MTD 29.) The Sinai Defendants acknowledge that no Plaintiff has "explicitly pled" constructive discharge "as a claim for relief." (*Id.*) Rather, the Sinai Defendants identify several paragraphs in the FAC that mention "constructive discharge" as one of the adverse employment actions that befell certain Plaintiffs, and from that they argue "[b]ecause [P]laintiffs cannot establish claims for constructive discharge, those claims should be dismissed[,] and the Court should dismiss any claim for damages resulting from their resignations. (*Id.*) Given my dismissal of Anandaraja and Atkinson's claims, *supra*, the Sinai Defendants' argument would only serve to limit the scope of recovery available to Plaintiffs Stella Safo ("Safo") and Geraldine Llames ("Llames"). (*See id.* ¶¶ 600, 674.)

The term "constructive discharge" has two legally relevant meanings in employment discrimination actions. The first is as a claim for relief: sometimes "characterized as a 'hostile-environment constructive discharge' claim," a constructive discharge claim "requires that a plaintiff sufficiently allege a hostile work environment in order to adequately allege a constructive discharge claim." *Bright-Asante v. Saks & Co., Inc.*, 242 F. Supp. 3d 229, 243 (S.D.N.Y. 2017) (citation omitted). "Where an alleged constructive discharge stems from an alleged hostile work environment, a plaintiff 'must show working conditions so intolerable that a reasonable person would have felt compelled to resign,'" which amounts to a "standard . . .

---

[22] This section relates to the Fifth through Tenth Causes of Action of the FAC, as well as to particular allegations which the Sinai Defendants seek to have dismissed.

28

higher than a standard for establishing hostile work environment." *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 725 (2d Cir. 2010) (quoting *Pa. State Police v. Suders,* 542 U.S. 129, 147 (2004)). The second is as the adverse employment action element of a separate employment discrimination claim: because "[a] constructive discharge is 'functionally the same as an actual termination,'" it "therefore is considered an adverse employment action." *Dall v. St. Catherine of Siena Med. Ctr.*, 966 F. Supp. 2d 167, 177 (E.D.N.Y. 2013) (quoting *Suders*, 542 U.S. at 148); *Fitzgerald*, 251 F.3d at 357 ("Adverse employment actions include discharge from employment. Such a discharge may be either an actual termination of the plaintiff's employment by the employer or a 'constructive' discharge."). The adverse employment action of constructive discharge can occur "when an employer 'intentionally creates a work atmosphere so intolerable that [the plaintiff] is forced to quit involuntarily.'" *Borski v. Staten Island Rapid Transit*, 413 F. App'x 409, 411 (2d Cir. 2011) (quoting *Terry v. Ashcroft,* 336 F.3d 128, 151–52 (2d Cir. 2003)). Courts have recognized a variety of circumstances that are so intolerable as to amount to constructive discharge, including those involving "drastic change[s] in employment status or responsibilities," and those that are sufficiently "humiliating." *See Bright-Asante*, 242 F. Supp. at 243 (collecting cases).

Here, Plaintiffs allege facts sufficient to support the inference that Safo and Llames suffered the adverse action of constructive discharge by being subjected to conditions "so difficult or unpleasant that a reasonable person in [their] shoes would have felt compelled to resign." *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 89 (2d Cir. 1996). Singh regularly belittled Safo's intelligence and capabilities, and he regularly reprimanded her in extreme ways for trivialities—in one instance, he "pulled her out" of a meeting with potential donors to chastise her for "not . . . circulat[ing]" an email about a birthday cake more widely. (*See* FAC ¶¶

29

308–317.)  Silva regularly talked to others at AIGH about Safo with gendered and misogynistic epithets and phrases.  (*See, e.g., id.* ¶¶ 419 ("[Silva] told Llames that '[Safo] is a cunt.  She just needs to get laid.'  Silva told others that Safo was a 'bitch,' a 'cunt,' 'uptight,' and a 'control freak.'"), 420 ("that bitch [Safo] is stealing my work" (alteration in original)).)   Llames alleges she was subjected to similar gendered epithets, (*see id.* ¶¶ 413–15)), and in "at least half a dozen" "weekly status meetings," Singh "skipped over" Llames "as if she did not exist" when it would normally have been her turn to speak, (*id.* ¶ 333).  This is more than enough to plead the adverse employment action of constructive discharge.

### b.  Claims Against Berman

Berman, who was Singh's chief of staff at AIGH, (FAC ¶¶ 8, 130), moves to dismiss Counts 5 through 10 as asserted against him by Plaintiffs Caliendo, Safo, and Llames.  (Berman MTD 1.)  In response to Berman's motion to dismiss, Plaintiffs concede that their federal claims cannot proceed against Berman—they only argue that they "have sufficiently pleaded individual claims against him under the [NYSHRL] and the [NYCHRL]."  (MTD Opp. 22.)

I have already dismissed Caliendo's federal claims against the Sinai Defendants, *supra* Pt.IV.A.3, which means Caliendo has no remaining federal claims in this action.  Accordingly, I do not take supplemental jurisdiction over her state law claims against Berman, *see supra* Pt IV.A.1; therefore, those claims are DISMISSED.  The only question remaining as to Berman is whether Safo and Llames sufficiently plead their state law claims under the NYSHRL and the NYCRL against him, both of which are premised on disparate treatment and hostile work environment.[23]

---

[23] I have supplemental jurisdiction over Safo's and Llames' state law claims as all of their claims—those under federal law and those under state law—are proceeding against the Sinai Defendants and are thus before the Court.  *See supra* Pt. IV.A.1.

"While the Title VII test applies to claims under the NYSHRL, claims under the NYCHRL are to be considered independently and construed more broadly in favor of plaintiffs alleging discrimination." *Bonterre v. City of New York*, No. 18 CIV. 745 (ER), 2021 WL 4060358, at *4 (S.D.N.Y. Sept. 7, 2021) (internal citations omitted). The NYCHRL makes it "an unlawful discriminatory practice . . . [f]or an employer or an employee or agent thereof, because of the . . . gender . . . of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment." N.Y.C. Admin. Code § 8–107(1)(a). "To prevail on liability" for a disparate treatment claim under the NYCHRL, "the plaintiff need only show differential treatment—that she is treated 'less well'—because of a discriminatory intent." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013). Furthermore, "[i]t is not enough that a plaintiff has an overbearing or obnoxious boss. She must show that she has been treated less well at least in part '*because of* her gender.'" *Id.* (quoting *Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62, 78 (1st Dep't 2009)). Similarly, "[i]n order to succeed on a NYCHRL hostile work environment claim, a plaintiff must show that he was treated 'less well than other employees' on the basis of a protected characteristic." *Alvarado*, F. App'x at 8 (citation omitted).

Safo's NYCHRL claims against Berman fail because Plaintiffs plead no facts suggesting either that Berman treated her less well than others due to her gender or that he participated in anyone else's discriminatory treatment of her because of her gender. Plaintiffs identify instances where Berman reprimanded Safo for seemingly-trivial things, (*see, e.g.*, FAC ¶ 314 (alleging that Berman wrote an email to Singh calling Safo "'exclusive' and bad for AIGH culture" because "she did not happen to circulate her birthday cake email to everybody at AIGH.")), but nothing

31

in the pleadings suggests there was "discriminatory intent in the unpleasant conduct alleged,"

*Livingston v. City of New York*, No. 19 CIV. 5209 (KPF), 2021 WL 4443126, at *31 (S.D.N.Y.

Sept. 28, 2021) (quoting *Dressler v. N.Y.C. Dep't of Educ.*, No. 10 Civ. 3769 (JPO), 2012 WL

1038600, at *14 (S.D.N.Y. Mar. 29, 2012)).  Similarly, Safo fails to allege that Berman

participated in any conduct in which Safo was treated less well because of her gender.  Although

Safo states that she "frequently observed Singh, Berman and Silva listen attentively to men's

opinions in meetings while ignoring women," (FAC ¶ 309), this general comment about women

is insufficient because it does not speak to any treatment Safo herself faced.  To be sure, Safo

does allege that "Singh would allow male heads of departments to introduce their work, but,

when it was Safo's turn to present on Health System Design, Singh did it himself, allowing Safo

only brief interjections between his long remarks." (*Id.*)  This is enough for Safo to have pleaded

facts sufficient to state claims under the NYCHRL against Singh and the other Sinai

Defendants—who do not move to dismiss her claims—but no pleaded facts involve Berman in

any relevant conduct.

Llames' NYCHRL claims against Berman also fail for the same reason:  there is nothing

in Plaintiffs' pleadings to suggest that gender factored into Berman's alleged unpleasantness

towards her.  Indeed, all Llames pleads about Berman and gender is that she "knew of Berman's

short temper with female subordinates." (FAC ¶ 399.)  However, in describing how "Berman

[would] suddenly started yelling at [her]" and other employees, Llames offers no facts indicating

that Berman's behavior had anything to do with her gender, or that Berman treated any similarly

situated male employees any better. (*See id.* ¶¶ 400–402.)  *Cf. Mihalik*, 715 F.3d at 114–15

(holding that a plaintiff could proceed beyond summary judgment where there was evidence

"that it was sexually-charged conduct that subjected Mihalik to a different set of employment

32

conditions than her male colleagues."). To be sure, the facts alleged regarding Berman do not depict him as anything close to a model colleague, but the NYCHRL does not "operate as a 'general civility code.'" *Williams*, 61 A.D.3d at 78 (citation omitted).

Where, as here, Plaintiffs fail to assert NYCHRL claims, similarly-premised NYSHRL claims will also fail, because the NYCHRL provides "a broader basis for . . . liability than the NYSHRL" does. *See, e.g.*, *Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp. 2d 349, 366 (S.D.N.Y. 2012); *Bonterre*, 2021 WL 4060358, at *4; *Chin v. New York City Hous. Auth.*, 106 A.D.3d 443, 444 (1st Dep't 2013) (explaining that NYSHRL retaliation claims require "adverse employment action," whereas similar NYCHRL claims only require a showing that defendant's conduct "disadvantaged plaintiff").

Accordingly, Safo's and Llames' NYCHRL and NYSHRL claims against Berman are DISMISSED.

### 7. Proposed Plaintiff Beddoe

Plaintiffs seek to join Beddoe as a plaintiff in the SAC asserting retaliation claims against Charney and Sinai under Title IX, Title VII, the NYSHRL, and the NYCHRL. (SAC ¶ 217). Specifically, the SAC pleads that Beddoe voiced "concerns to Charney . . . and other senior Mount Sinai administrators" about Singh and how he "dismissed and targeted the women who worked for him," as well as that, in March 2019, Beddoe "provided testimony in support of the original Complaint in this action." (*Id.* ¶¶ 491, 571.) Then, in February of 2020, when it was time for Beddoe's appointment at Sinai to be renewed, she was offered "$50,000 less" in "annual compensation" than she had been paid under her prior three-year contract, meaning she would receive a "total compensation" of "$300,000" less "over the [next] three-year term." (*Id.* ¶ 582.) Beddoe took the job anyway. (*Id.*) Two Sinai employees told Beddoe conflicting stories as to

33

why her salary was being cut—one said it was because "her Director of Chemotherapy title was removed," which Beddoe alleges was a "role" for which "she had never been compensated," (*id.* ¶ 583), whereas the other said her salary was cut because "she had not brought in sufficient revenue," (*id.* ¶ 584).

The Sinai Defendants only challenge whether Beddoe can properly be joined as a plaintiff in this action under Federal Rule of Civil Procedure 20. (Sinai Leave Opp. 19.) "Pursuant to Rule 20(a), proper joinder of parties requires the satisfaction of two criteria: (1) the right to relief sought by all plaintiffs must arise out of the same transaction or occurrence, or series of transactions or occurrences; and (2) a common question of law or fact as to all plaintiffs must arise in the action." *Puricelli v. CNA Ins. Co.*, 185 F.R.D. 139, 142 (N.D.N.Y. 1999). "[B]oth criteria must be met for joinder to be proper" under the plain language of Rule 20." *Wilson-Phillips v. Metro. Transp. Auth.*, 18 Civ. 417 (VEC), 2018 WL 5981736, at *2 (S.D.N.Y. Nov. 14, 2018) (quoting *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009)). "The first requirement is satisfied if the court finds that 'the essential facts of the various claims are so *logically connected* that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Ardolf v. Weber*, 332 F.R.D. 467, 479 (S.D.N.Y. 2019) (quoting *Deskovic*, 673 F. Supp. 2d at 166). The second requirement is satisfied where there is a "*substantial* overlap of witnesses or documentary proof." *Wilson-Phillips*, 2018 WL 5981736, at *3 (quoting *In re Blech Sec. Litig.*, No. 94 CIV. 7696 (RWS), 2003 WL 1610775, at *13 (S.D.N.Y. Mar. 26, 2003)). In employment discrimination cases, there is strong authority for the proposition that "multiple plaintiffs" cannot use Rule 20(a) to bring "discrimination claims against the same employer" unless there is sufficient "overlap of the facts in the plaintiffs' claims." *Id.* at *4; *see, e.g., Byrd v. District of Columbia*, 807 F. Supp. 2d

34

37, 76 (D.D.C. 2011) ("Byrd and Jean–Baptists' hostile work environment and retaliation claims do not implicate a common question of law or fact. The alleged harassment occurred at different times, was committed by different supervisors, at entirely different locations."); *Tardd v. Brookhaven Nat. Lab'y*, No. 04 CV 3262 (ADS), 2007 WL 1423642, at \*10 (E.D.N.Y. May 8, 2007) ("Even though there is some overlap of the facts in the plaintiffs' claims, namely having to do with White's appointment as a mentor for Tardd and White's development of the 'path-forward' plan, these similarities do not overcome the numerous differences in the circumstances giving rise to the plaintiffs' claims for relief."). *Cf. Ardolf*, 332 F.R.D. at 480 ("Therefore, at issue for all Plaintiffs is at least one common question of law: whether Defendant's *modus operandi* of fondling Plaintiffs' genitals during private photoshoots constitutes sex trafficking." (internal quotation marks omitted)).

Beddoe's claim does not meet Rule 20(a)'s requirements. Specifically, her claim fails the first requirement because of the "broad temporal gap" between the facts giving rise to her claims and those of the other Plaintiffs. *Cf. Deskovic*, 673 F. Supp 2d at 167. Whereas the other Plaintiffs' claims span a period largely through 2016, the adverse employment action underlying Beddoe's claim arose in February 2020 when she was forced to renew her appointment at "$50,000 less" in "annual compensation." (*See* SAC ¶ 582.) Second, there is insufficient overlap between the proof that would establish Beddoe's claim and the proof relevant to the Plaintiffs who still have claims in this action. To prove her retaliation claim, Beddoe will have to show that Charney and Sinai were motivated to lower her salary because she aided the Plaintiffs in this lawsuit. No other remaining claim in this action is premised on retaliation stemming from the filing of this lawsuit.

Plaintiffs argue that Beddoe's claims are proper because they "encompass the broader

35

hostile work environment created and fostered by Charney," (Doc. 76, at 16); however, Rule

20's requirements are not satisfied simply because all Plaintiffs allege they suffered under "the

same overarching discriminatory culture," at least where, as here, there are "few" if any

"common questions of fact" between Beddoe's claim and those of other Plaintiffs, *see Wilson-*

*Phillips*, 2018 WL 5981736, at *3.  Therefore, Beddoe cannot be properly joined to this case.

### B.  *Motion for Leave to File the Second Amended Complaint*

Having found Beddoe's joinder improper, there is no further basis for allowing Plaintiffs

to file the proposed SAC, as I have now found that the proposed amendments are all either

improper or futile.  Accordingly, Plaintiffs' motion for leave to file the proposed SAC is

DENIED.

### C.  *The Motion to Strike*

The Sinai Defendants move to strike the entirety of the FAC on the grounds that it is a

"lengthy complaint . . . rife with allegations that are immaterial and/or scandalous."  (Strike Mot.

1.)[24]  They say that the point of the FAC was "to maximize reputational damage," (*id.*), and they

argue that various paragraphs should be stricken under the standards governing a motion to

strike, (*see, e.g.*, *id.* at 4–5 (arguing that, among others, FAC ¶¶ 64, 79, 81, 84, 209, 230, and 515

would be inadmissible hearsay that could not be proven)).  However, the Sinai Defendants use

the particular paragraphs they identify to argue that the FAC should be stricken "in its entirety,"

on the grounds that "neither the Court nor defendants should bear the burden of parsing the 889

paragraphs" of the FAC to separate the wheat from the chaff.  (*Id.* at 12–13.)

"Under Rule 12(f), the party moving to strike 'bears a heavy burden'" of persuading the

---

[24] "Strike Mot." refers to the Sinai Defendants' Memorandum of Law in Support of Their Motion to Strike.  (Doc. 37.)

reviewing court why specific portions of a pleading should be stricken. *See, e.g.*, *Walczak v. Pratt & Whitney*, No. 3:18-cv-563 (VAB), 2019 WL 145526, at *2–3 (D. Conn. Jan. 9, 2019) (finding that "the allegations in Paragraph 43" of a complaint had "no basis" for being part of the "lawsuit"); *Cnty. Vanlines Inc. v. Experian Info. Sols., Inc.*, 205 F.R.D. 148, 155 (S.D.N.Y. 2002) ("plaintiff fails to meet his burden of demonstrating why he will be prejudiced by the inclusion of the[] [specific] defenses" he sought to strike); *see also Powermat Techs., Ltd. v. Belkin Int'l Inc.*, No. 19-CV-878 (VSB), 2020 WL 2892385, at *11 (S.D.N.Y. Apr. 2, 2020) (denying motion to strike as moot while noting that plaintiff "contends that it did not bear the burden of establishing the insufficiency of those defenses" it sought to strike and only "discussed them on reply because" its adversary "raised them in its opposition.").

Although it is true that "[w]hen a complaint does not comply with [Rule 8's] requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, or to dismiss the complaint," that is meant to spare the court from having to parse a "complaint [that] is so confused, ambiguous, vague, or otherwise unintelligible that its true substance" cannot be deciphered. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (internal citation omitted). Here, I have already determined that several of the Plaintiffs have pleaded sufficient claims in the FAC. In other words, I have already parsed through the allegations of the FAC; therefore, I find that it would not be appropriate to strike the entire FAC at this time. Moreover, because the FAC was filed over two years ago, it is likely that any damage the filing of its more "scandalous" allegations may have caused has been substantially diminished by the passage of time; therefore, striking the FAC would provide scant if any remedy to the prejudice its filing may have caused the Sinai Defendants. *See Cnty. Vanlines*, 205 F.R.D. at 153 ("[A]bsent a showing of prejudice,

[a] motion to strike must be denied.").

Accordingly, the Sinai Defendants' motion to strike is DENIED.

### V.      Conclusion

For the foregoing reasons, Berman's motion to dismiss is GRANTED; the Sinai

Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART; their motion to

strike is DENIED; and Plaintiffs' motion for leave to file the SAC is DENIED.

Given my disposition, Plaintiffs Atkinson's, Anandaraja's, Khan's, and Caliendo's

federal claims are DISMISSED with prejudice, and their state law claims are DISMISSED

without prejudice.  Plaintiff Misiti's federal and state law retaliation claims under the Thirteenth

Cause of Action are DISMISSED with prejudice.  Plaintiffs Safo's and Llames' claims against

Berman are DISMISSED with prejudice.

In summary, Plaintiffs Atkinson, Anandaraja, Khan, and Caliendo no longer have causes

of action in this case; proposed Plaintiff Beddoe cannot join this action; and Defendant Berman

is dismissed from this action.[25]

SO ORDERED.

Dated: January 14, 2022 January 13, 2022
       New York, New York

Vernon S. Broderick
United States District Judge

---

[25] For any Plaintiff whose claim or claims were dismissed in this Opinion & Order without prejudice, she or he is reminded that the statute of limitations as to those state law claims is tolled for at least "30 days" upon entry of this order.  *See* 28 U.S.C. § 1367(d).

# Exhibit

# E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                 :

DR. HOLLY ATKINSON et al.,             :

                                   :

                     Plaintiffs,   :

                                   :                  19-CV-3779 (VSB)

          - against -          :

                                   :               **OPINION & ORDER**

                                   :

DR. PRABHJOT SINGH et al.,       :

                                   :

                   Defendants.  :

                                   :
----------------------------------------------------------X

Appearances:

John F. O. McAllister
McAllister Olivarius
Saratoga Springs, New York
*Counsel for Plaintiffs*

Edna Doris Guerrasio
Joseph Baumgarten
Proskauer Rose LLP
New York, New York
*Counsel for Defendants Mount Sinai Health System, Inc., Prabhjot Singh, Dennis S. Charney, and Bruno Silva*

VERNON S. BRODERICK, United States District Judge:

Before me is the motion of Plaintiffs Dr. Holly Atkinson ("Atkinson"), Dr. Natasha Anushri Anandaraja ("Anandaraja"), Humale Khan ("Khan"), Mary Caliendo ("Caliendo," and together with Atkinson, Anandaraja, and Khan, the "Dismissed Plaintiffs"), and Amanda Misiti ("Misiti," and together with the Dismissed Plaintiffs, the "Moving Plaintiffs") for entry of a final judgment pursuant to Federal Rule of Civil Procedure 54(b) to allow them to take an immediate appeal of all of their previously-dismissed claims (the "Motion"). Because I find that the Dismissed Plaintiffs satisfy the standard governing Rule 54(b), but that Misiti does not, the

1

Motion is GRANTED IN PART and DENIED IN PART.

##### I.    **Relevant Background**[1]

The MTD Order provides the foundation for the Motion.  In the MTD Order, I granted in part and denied in part various Defendants' Rule 12(b)(6) motions.  As a result, I dismissed all claims brought by the Dismissed Plaintiffs, and I dismissed Misiti's federal and state law retaliation claims.  (MTD Order 38.)  The Dismissed Plaintiffs thus no longer have claims in this action (*id.*); however, Misiti still has live claims for disparate treatment and hostile work environment, (*id.* at 25 n.21.)

On February 10, 2022, the Moving Plaintiffs filed the Motion.  (Doc. 85.)  On March 4, 2022, Defendants Prabhjot Singh, Dennis S. Charney, Bruno Silva, and Mount Sinai Health System, Inc. (the "Opposing Defendants") filed a brief opposing the Motion.  (Doc. 90.)[2]  On March 29, 2022, the Moving Plaintiffs filed a reply brief.  (Doc. 97.)

##### II.    **Legal Standard**

"[I]n the federal district courts, the entry of a final judgment is generally appropriate 'only after all claims have been adjudicated.'"  *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)).  "Rule 54(b)," however, "permits certification of a final judgment where (1) there are multiple claims or parties, (2) at least one of the claims or the rights and liabilities of at least one party has been finally determined, and (3) there is no just reason for delay."  *Grand River Enters.*

---

[1] My January 14, 2022 Opinion & Order (Doc. 81 ("MTD Order")) provides a more complete factual background and procedural history of this action.  Familiarity with the MTD Order will be presumed throughout, and defined terms from the MTD Order will have the same meaning and will be used in this Opinion & Order.

[2] Absent is former Defendant David Berman ("Berman"), whom the MTD Order dismissed from the action.  (MTD Order 38.)  Berman has filed nothing in regard to the Motion even though, if granted, it would allow some of the Moving Plaintiffs to appeal as to claims previously asserted against him.  (*See, e.g.*, MTD Order 28 (reviewing Caliendo's claims against Berman).)

*Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 164–65 (2d Cir. 2005) (internal quotation marks omitted). This third factor "takes[] into account judicial administrative interests as well as the equities involved." *Novick*, 642 F.3d at 310 (emphases omitted) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

"Respect for the 'historic federal policy against piecemeal appeals' requires that a Rule 54(b) certification not be granted routinely." *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128–29 (2d Cir. 2000) (per curiam) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8). As such, "the court's power under Rule 54(b) should be exercised sparingly." *FAT Brands Inc. v. PPMT Cap. Advisors, Ltd.*, 19-CV-10497 (JMF), 2021 WL 1392849, at *1 (S.D.N.Y. Apr. 13, 2021) (alteration omitted) (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997)). "A certification under Rule 54(b) should be granted only if there are interests of sound judicial administration and efficiency to be served, or, in the infrequent harsh case, where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Harriscom Svenska*, 947 F.2d at 629 (internal citations and quotation marks omitted). To ensure that this is the case, a district court must "provide a reasoned, even if brief, explanation of its considerations" so that "a reviewing court [will] have some basis for distinguishing between well-reasoned conclusions . . . and mere boiler-plate approval." *Novick*, 642 F.3d at 310 (internal citations and quotation marks omitted).

The Second Circuit has "repeatedly noted that the district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated," as "[i]t does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case in successive appeals from successive decisions on interrelated issues." *Id.* at 311

(internal citations and quotation marks omitted).

### III.    Discussion

The first two factors of the Rule 54(b) analysis are satisfied because the MTD Order dismissed multiple claims from multiple parties and finally determined at least one claim asserted by all Moving Plaintiffs.  (MTD Order 38); *see Grand River Enters.*, 425 F.3d at 164. Thus, the only real issue on the Motion is whether "there is 'no just reason for delay,'" in allowing the Moving Plaintiffs to appeal, the analysis of which considers matters including "'whether the claims under review are separable from the others remaining to be adjudicated' and whether entering final judgment as to some claims would force an appellate court to review the same claims more than once." *Frazier v. Morgan Stanley & Co. LLC*, No. 16-cv-804 (RJS), 2020 WL 3791852, at *2 (S.D.N.Y. July 7, 2020) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).

As to the Dismissed Plaintiffs, I find that their claims are all separable from the remaining claims in the action because "the issues which make up" the claims do not overlap the issues of the remaining claims in this action. *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1097 (2d Cir. 1992).  Indeed, the issues relevant to each Dismissed Plaintiff's claims are unique to them and do not overlap with remaining claims.  I dismissed Atkinson's and Anandaraja's claims because I found that their "federal claims are time-barred," and I therefore declined to take supplemental jurisdiction over their state law claims.  (MTD Order 17.)  The applicability of statutes of limitations played no role in the analysis with respect to any other Plaintiff.  Similarly, I found that both Khan and Caliendo failed to plead sufficient facts to support each of their federal claims, which resulted in my not having supplemental jurisdiction over their state law claims.  (*Id.* at 18–25 & n.20.)  The defects I found in their pleading were particular to whether facts pleaded with respect to them amounted to a viable claim for relief, and that analysis did not

4

overlap with defects relevant to the claims of any other Plaintiff or with Misiti's remaining claims.

Contrary to the Moving Defendants' position, this is not a case "where 'the adjudicated and pending claims are closely related and stem from essentially the same factual allegations.'" (54(b) Opp. 5 (quoting *Negrete v. Citibank, N.A.*, 15 Civ. 7250 (RWS), 2017 WL 2963494, at *2 (S.D.N.Y. July 11, 2017)).)[3] The *Negrete* action was one in which two plaintiffs "maintained several bank accounts with" the same defendant bank and "entered into an ISDA Agreement" that "governed a number of Foreign Exchange . . . and other derivative transactions" entered into by the plaintiffs. *Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454, 459 (S.D.N.Y. 2016), *aff'd*, 759 F. App'x 42 (2d Cir. 2019). They sought Rule 54(b) certification after all but one of their claims concerning their financial transactions with the defendant bank was dismissed. *Negrete*, 2017 WL 2963494, at *1. "[T]he issues" all thus "stemm[ed] from different financial transactions" governed by one umbrella agreement. *See id.* at *2. By contrast, here, although each Dismissed Plaintiff was employed in the same workplace, how each Dismissed Plaintiff was treated in the course of her employment—and whether the treatment alleged adds up to a claim that can survive a Rule 12(b)(6) motion—is unique to her.

For example, whether or not the pleadings show that "Khan was made to suffer" any "sufficiently continuous discriminatory acts or any single incident" amounting to a hostile work environment, (MTD Order 20), will not touch on merits issues relevant to any other of Plaintiffs' claim. *See Ginett*, 962 F.2d at 1097 ("The claim for severance pay was separable from and independent of the rest of the claims in the case; accordingly, the court did not abuse its discretion in directing entry of a final judgment under rule 54(b)."); *Bowne of New York City,*

---

[3] "54(b) Opp." refers to Moving Defendants' Memorandum of Law in Opposition to the Motion. (Doc. 90.)

*Inc. v. AmBase Corp.*, 161 F.R.D. 270, 272 (S.D.N.Y. 1995) (granting Rule 54(b) certification as to certain claims because, "[t]o decide these claims, the court will have to look at each print job individually and determine facts pertinent only to that job").

I also find that allowing the Dismissed Plaintiffs to appeal now would not require a Second Circuit panel to review their claims more than once. Whether they appeal now or after final judgment is entered on all claims, Atkinson and Anandaraja would be able to raise the statute of limitations issues. Similarly, Khan and Caliendo would be able to raise the issue of whether their pleadings made out their individual claims. Thus, whether now or later, an appellate panel would have to familiarize itself with the pleadings pertaining to the Dismissed Plaintiffs' employment. Allowing an appeal now will not lead to more appeals presenting these same pleading issues.

By that same reasoning, however, I cannot and do not find that "the interests of sound judicial administration and efficiency" are favored by allowing Misiti to appeal her dismissed retaliation claims at this stage. *Novick*, 642 F.3d at 314. Allowing Misiti to appeal now leads to the possibility of "piecemeal appeals," *Harriscom Svenska*, 947 F.2d at 631, because any reviewing panel would have to familiarize itself with the entire factual record relevant to Misiti's employment. Indeed, because certain of Misiti's claims survive, there is a likelihood that "two (or more) three-judge panels" would have to "familiarize themselves with" the facts relevant to her claims, *id.*, as there could well be an appeal of her remaining claims following summary judgment or trial.

Finally, I find that "certifying a partial final judgment serves equitable interests." *Choi v. Tower Rsch. Cap. LLC*, 14-CV-9912 (KMW), 2020 WL 2317363, at *2 (S.D.N.Y. May 11, 2020) ("Requiring these plaintiffs, who have no live claims, to await the final resolution of the

6

unjust enrichment claim before bringing an appeal would work an unnecessary hardship."). The MTD Order finally adjudicated all of the Dismissed Plaintiffs' federal claims on the merits. There is no good reason for them to remain sidelined until a final judgment in this action resolves all the remaining Plaintiffs' claims.

## IV.     Conclusion

For the foregoing reasons, the Motion is GRANTED as it pertains to the Dismissed Plaintiffs' claims and DENIED as it pertains to Misiti's retaliation claims. The Clerk of Court is respectfully directed to close the open motion at docket number 85 and to enter final judgment pursuant to Rule 54(b) against the Dismissed Plaintiffs and in favor of Defendants.

SO ORDERED.

Dated: April 22, 2022
        New York, New York

Vernon S. Broderick
United States District Judge

7

# Exhibit F

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
DR. HOLLY ATKINSON et al.,

                             Plaintiffs,

      -against-

DR. PRABHJOT SINGH et al.,

                             Defendants.
-------------------------------------------------------------X

                                 19 **CIVIL** 3779 (VSB)

                         **CLERK'S RULE 54(b) JUDGMENT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/25/2022

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated April 22, 2022, the Motion is GRANTED as it pertains to the Dismissed Plaintiffs' claims and DENIED as it pertains to Misiti's retaliation claims. Final judgment is entered pursuant to Rule 54(b) against the Dismissed Plaintiffs and in favor of Defendants.

**Dated:** New York, New York

         April 25, 2022

                                 **RUBY J. KRAJICK**

                                    Clerk of Court

        BY:
                                    Deputy Clerk